DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, Samuel Lamb, appeals from his convictions and sentence in the Summit County Court of Common Pleas. This Court affirms.
 I. {¶ 2} Following a search of his apartment, Appellant was charged as follows: one count of tampering with evidence in violation of R.C.2921.12(A)(1); one count of trafficking in cocaine in violation of R.C.2925.03(A)(2); one count of trafficking in marijuana in violation of R.C. 2925.03(A)(2); one count of possession of cocaine in violation of R.C. 2925.11(A); one count of possession of criminal tools in violation of R.C. *Page 2 2923.24; one count of obstructing official business in violation of R.C.2921.31(A); one count of possession of marijuana in violation of R.C.2925.03(A); and one count of criminal gang activity in violation of R.C.2923.42(A). Appellant pled not guilty to the charges against him and the matter proceeded to a jury trial. At the conclusion of the trial, Appellant was found not guilty of tampering with evidence, trafficking in cocaine, possession of cocaine, and criminal gang activity. Appellant was found guilty of trafficking in marijuana, possession of criminal tools, obstructing official business, and possession of marijuana. Appellant received a total sentence of one year incarceration. Appellant timely appealed his convictions, raising two assignments of error for review.
 II. ASSIGNMENT OF ERROR I "APPELLANT LAMB WAS DENIED HIS RIGHT TO A FAIR TRIAL BY THE TESTIMONY OF A POLICE OFFICER ON DIRECT EXAMINATION WHO TESTIFIED AS TO APPELLANT LAMB'S PRIOR CONVICTIONS."
 {¶ 3} In his first assignment of error, Appellant argues that the trial court improperly permitted testimony regarding Appellant's prior convictions. As Appellant failed to object to this testimony, he argues that the trial court committed plain error. This Court disagrees.
 {¶ 4} Pursuant to Crim.R. 52(B), a plain error that affects a substantial right may be noticed by an appellate court despite not having been brought to the *Page 3 
attention of the trial court. The Ohio Supreme Court has explained that a reversible plain error requires that:
 "(1) there must be an error, i.e., a deviation from a legal rule; (2) the error must be plain, which means that it must be an obvious defect in the trial proceedings; and (3) the error must have affected substantial rights, which means that the trial court's error must have affected the outcome of the trial." (Emphasis and internal quotations omitted.) State v. Noling, 98 Ohio St.3d 44, 2002-Ohio-7044, at ¶ 62, quoting State v. Barnes (2002), 94 Ohio St.3d 21, 27.
"[N] otice of a plain error is taken with the utmost caution and only to prevent a manifest miscarriage of justice." State v. Bray, 9th Dist. No. 03CA008241, 2004-Ohio-1067, at ¶ 12. Therefore, this Court will not reverse the trial court decision unless Appellant establishes that the trial court outcome would have clearly been different but for the alleged error. Id.
 {¶ 5} Officer Brian Creswell testified as follows:
 "At that point, I had already done a little bit of homework on researching people I was dealing with, people in my district, and I knew that Sam had a couple of prior convictions for narcotics, now I knew where he lived." (Emphasis added.)
Appellant asserts that Officer Creswell was not permitted to testify regarding Appellant's prior convictions because the parties had stipulated to those convictions. The record does not support such a conclusion. Rather, the record reflects that Appellant stipulated to his identification with respect to the convictions. This was reiterated when the prosecution entered certified copies of those convictions into evidence and stated as follows: *Page 4 
 "Judge, I remind the Court there is a stipulation of the parties that ID with regard to those convictions."
Defense counsel agreed with this statement. Accordingly, Appellant's assertion that a stipulation barred Officer Cresswell's testimony is incorrect.
 {¶ 6} Moreover, assuming arguendo that Officer Cresswell's testimony was improper, Appellant can demonstrate no error from this testimony. During the testimony of Officer Cresswell, the State introduced certified copies of Appellant's prior convictions to support the gang activity charge pending against Appellant. Those entries read as follows:
 "Samuel Lamb, defendant, retracts plea of not guilty and says he is guilty of possession of cocaine and driving under suspension."
 "Samuel Lamb pled guilty to possession of cocaine, felony of the third degree."
Appellant asserts no error in the introduction of these certified copies of his convictions. The jury, therefore, had before it evidence of Appellant's prior convictions involving narcotics. Accordingly, any error related to Officer Cresswell's passing reference to Appellant's prior convictions was harmless because the testimony was cumulative of the exhibits introduced by the State. As such, Appellant has failed to meet his burden under plain error review. Appellant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II *Page 5 "THE CONVICTIONS SHOULD BE REVERSED BECAUSE THEY ARE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND BECAUSE THE EVIDENCE SUPPORTING THEM WAS INSUFFICIENT AS A MATTER OF LAW TO PROVE THE CONVICTION BEYOND A RESONABLE DOUBT IN VIOLATION OF THE UNITED STATES CONSTITUTION."
 {¶ 7} In his second assignment of error, Appellant asserts that his convictions were against the weight of the evidence and that insufficient evidence was introduced to support those convictions. We disagree.
 {¶ 8} A review of the sufficiency of the evidence and a review of the manifest weight of the evidence are separate and legally distinct determinations. State v. Gulley (Mar. 15, 2000), 9th Dist. No. 19600, at *1. "While the test for sufficiency requires a determination of whether the state has met its burden of production at trial, a manifest weight challenge questions whether the state has met its burden of persuasion." Id., citing State v. Thompkins (1997), 78 Ohio St.3d 380, 390 (Cook, J., concurring). In order to determine whether the evidence before the trial court was sufficient to sustain a conviction, this Court must review the evidence in a light most favorable to the prosecution. State v.Jenks (1991), 61 Ohio St.3d 259, 279. Furthermore:
 "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Id. at paragraph two of the syllabus; see, also, Thompkins, 78 Ohio St.3d at 386. *Page 6 
In State v. Roberts, this Court explained:
 "[Sufficiency is required to take a case to the jury[.] *** Thus, a determination that [a] conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency." (Emphasis omitted.) State v. Roberts (Sept. 17, 1997), 9th Dist. No. 96CA006462, at *2.
Accordingly, we address Appellant's challenge to the weight of the evidence first, as it is dispositive of his claim of sufficiency.
 {¶ 9} In determining whether a conviction is against the manifest weight of the evidence an appellate court:
 "[M] ust review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Otten (1986), 33 Ohio App.3d 339, 340.
A weight of the evidence challenge indicates that a greater amount of credible evidence supports one side of the issue than supports the other. Thompkins, 78 Ohio St.3d at 387. Further, when reversing a conviction on the basis that the conviction was against the manifest weight of the evidence, the appellate court sits as the "thirteenth juror" and disagrees with the factfinder's resolution of the conflicting testimony. Id. Therefore, this Court's "discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." State v. Martin (1983),20 Ohio App.3d 172, 175; see, also, Otten, 33 Ohio App.3d at 340.
Possession of marijuana *Page 7 {¶ 10} Appellant was convicted of possession of marijuana in violation of R.C. 2925.11(A) which provides as follows:
 "No person shall knowingly obtain, possess, or use a controlled substance."
Appellant contends that the State failed to prove that the marijuana belonged to him and therefore failed to prove the essential elements of drug possession.
 {¶ 11} Possession is defined as "having control over a thing or substance, but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found." R.C. 2925.01(K). R.C. 2901.21(D)(1) sets forth the requirements for criminal liability and provides: "Possession is a voluntary act if the possessor knowingly procured or received the thing possessed, or was aware of the possessor's control of the thing possessed for a sufficient time to have ended possession."
 {¶ 12} Possession however, need not be actual; it may be constructive.State v. Kobi (1997), 122 Ohio App.3d 160, 174. Constructive possession will be found when a person knowingly exercises dominion or control over an item, even without physically possessing it. State v. Hankerson
(1982), 70 Ohio St.2d 87, syllabus. While mere presence in the vicinity of the item is insufficient to justify possession, ready availability of the item and close proximity to it support a finding of constructive possession. See State v. Haynes (1971), 25 Ohio St.2d 264, paragraph two of the syllabus; State v. Riley (Nov. 21, 2001), 9th Dist. No. *Page 8 
20618, at *2. Furthermore, ownership need not be proven to establish constructive possession. State v. Mann (1993), 93 Ohio App.3d 301, 308. Finally, multiple persons may constructively possess the same thing.State v. Galindo (July 9, 1999), 6th Dist. No. L-98-1242, at *4. Accordingly, circumstantial evidence is sufficient to support the elements of constructive possession. See Jenks, 61 Ohio St.3d at 272-73.
 {¶ 13} The Ohio Supreme Court has held that knowledge of contraband in one's home is sufficient to show constructive possession.Hankerson, 70 Ohio St.2d at 91; see, also, State v. Owens, 9th Dist. No. 23267, 2007-Ohio-49, at ¶ 23, citing Hankerson, 70 Ohio St.2d at 91;State v. Molina, 8th Dist. No. 83731, 2004-Ohio-4347, at ¶ 29 (stating "[i] t would have been difficult, if not impossible, for appellant not to have been aware of any activity going on in the apartment.") (Emphasis omitted.) In Hankerson, the Court relied on the homeowner's dominion and control over the premises, the facts of normal home occupancy, and testimony that the contraband was in plain view to conclude that the jury had sufficient circumstantial evidence to infer that the appellants knew that contraband was located in the home.Hankerson, 70 Ohio St.2d at 91.
 {¶ 14} In the instant matter, substantial circumstantial evidence was presented and supports a finding that Appellant constructively possessed marijuana. Officer Eric Wood testified that he found approximately ten grams of marijuana dumped in the kitchen trash can of the apartment. Officer Donald *Page 9 
Schismenos testified that he witnessed Appellant run through the kitchen and into the basement when police announced their presence at the apartment door. Officer Schismenos also testified that Appellant had to pass by the kitchen trash can in order to get to the basement. Finally, Officer Justin Morris seized $1,816 from Appellant's person.
 {¶ 15} In addition to the marijuana found in the trash can, Officer Cresswell found over one hundred grams of marijuana in a couch in what appeared to be the sleeping quarters of the apartment. It is undisputed that Appellant is the sole individual on the lease to the apartment. Moreover, there is no evidence that any other individual was living in the apartment.
 {¶ 16} It is well established that evidence of flight is admissible as it tends to show consciousness of guilt. Sibron v. New York (1968), 392 U.S. 40, 66. Accordingly, Officer Schismenos' testimony that Appellant ran and hid from officers is circumstantial evidence of guilt. In addition, "carrying a large sum of cash is strong evidence of some relationship with illegal drugs." United States v. $67,220 (C.A.6, 1992), 957 F.2d 280, 285, citing United States v. $215,300 (C.A.9, 1989), 882 F.2d 417, 419. Officer Morris' testimony indicated that Appellant had a large sum of cash on his person. Furthermore, the State established that Appellant was in close proximity to the kitchen trash can immediately before police searched the apartment. Finally, the State introduced evidence that Appellant was the sole resident of the apartment and that a *Page 10 
substantial amount of marijuana was found stuffed in a couch in the sleeping quarters of the apartment. We find that under these facts, the jury did not lose its way in finding that the State had proven that Appellant constructively possessed marijuana.
Possession of criminal tools {¶ 17} Appellant was convicted of possession of criminal tools in violation of R.C. 2923.24(A) which provides as follows:
 "No person shall possess or have under the person's control any substance, device, instrument, or article, with purpose to use it criminally."
The State presents prima facie evidence of criminal purpose if it provides evidence that an item is "commonly used for criminal purposes, under circumstances indicating the item is intended for criminal use." R.C. 2923.24(B)(3). "If such evidence is presented and believed, it is sufficient to establish guilt unless it is rebutted or proven to the contrary." State v. Castle (Oct. 6, 1999), 9th Dist. No. 19324, at *8, citing State v. Cummings (1971), 25 Ohio St.2d 219, paragraph one of the syllabus.
 {¶ 18} It is undisputed that officers seized two scales and numerous razor blades from Appellant's apartment. A digital scale and the razor blades were seized from a bar area directly next to a plate which had cocaine residue on it. In addition, the digital scale had a white substance on it. Moreover, Officer Wood *Page 11 
testified that the razor blades had white residue on them. He testified that razor blades are often used to cut up crack cocaine or for personal use of cocaine.
 {¶ 19} On appeal, Appellant asserts that the digital scale did not have a battery in it and therefore is not a criminal tool. As Appellant concedes on appeal, that scale had cocaine residue on it. It was found directly next to a plate which had cocaine residue on it and near razor blades which had cocaine residue on them. The fact the scale was not in working order when it was seized does not negate the substantial circumstantial evidence that supports the conclusion that Appellant intended to use, and had in fact used, the scale for a criminal purpose.
 {¶ 20} Finally, with respect to the possession aspect of criminal tools, we incorporate our constructive possession analysis laid out above to find that Appellant constructively possessed criminal tools. As was the case in Molina, "[i] t would have been difficult, if not impossible, for appellant not to have been aware of [the] activity going on in [his] apartment." (Emphasis omitted.) Molina at ¶ 29.
Obstructing official business {¶ 21} Appellant was convicted of obstructing official business in violation of R.C. 2921.31 which provides as follows:
 "No person, without privilege to do so and with purpose to prevent, obstruct, or delay the performance by a public official of any *Page 12 
authorized act within the public official's official capacity, shall do any act that hampers or impedes a public official in the performance of the public official's lawful duties."
"The affirmative act of running from an officer impedes or hinders the performance of an officer's lawful duty." State v. Sanders, 9th Dist. No. 23504, 2007-Ohio-2898, at ¶ 21, citing State v.Brickner-Latham, 3rd Dist. No. 13-05-26, 2006-Ohio-609, at ¶ 27.
 {¶ 22} In the instant matter, Officer Schismenos testified that he witnessed Appellant run through the apartment and into the basement when other officers announced their presence. In addition, Officer Morris testified that when he searched the basement, he repeatedly requested that Appellant reveal himself. Appellant, however, did not reveal himself until Officer Morris found him hiding behind the furnace in the basement. Accordingly, the undisputed evidence demonstrated that Appellant ran from officers and hid in the basement behind a large object. The jury, therefore, did not lose its way in finding that Appellant had performed an act which hindered the officer's official duties.
Trafficking in marijuana {¶ 23} Appellant was convicted of trafficking in marijuana in violation of R.C. 2925.03(A)(2) which provides as follows:
 "No person shall knowingly *** [p] repare for shipment, ship, transport, deliver, prepare for distribution, or distribute a controlled *Page 13 
substance, when the offender knows or has reasonable cause to believe that the controlled substance is intended for sale or resale by the offender or another person."
On appeal, Appellant asserts that the evidence that he was trafficking in drugs was equivocal. Specifically, Appellant argues that the officers who testified indicated that some of the evidence supported a finding that the drugs were being purchased but not sold. We find no merit in Appellant's argument.
 {¶ 24} Officers found more than 100 grams of marijuana in Appellant's apartment. Officers testified that this amount was not indicative of personal use. Officers also found multiple empty baggies in the garbage in Appellant's kitchen. The officers explained that the small size of these baggies indicated that they had been formed by tearing larger bags. The officers indicated that these baggies are often used to package and sell small quantities of drugs. These baggies contained drug residue. In addition, as noted above, a digital scale which had drug residue on it was found in Appellant's home. Moreover, $1,816 was found on Appellant's person, despite the fact that he was unemployed.
 {¶ 25} Officer Cresswell also testified without objection that he had received information regarding possible drug sales from Thomas Keith, the property manager of Appellant's apartment. Keith verified that he had relayed this information to the officer. Officer Cresswell then observed the apartment and noticed a pattern of "short stops." Officer Cresswell testified that individuals would stop at the apartment, enter for a few minutes, and then immediately leave *Page 14 
again. Officer Cresswell testified that in his experience these "short stops" were often indicative of drug sales being performed on the property.
 {¶ 26} Finally, despite Appellant's assertions that the drugs had been purchased for personal use, no evidence was found during the search of Appellant's apartment to support this theory. Officers testified that no pipes or rolling papers were recovered from the apartment. Officers testified that there was no paraphernalia recovered from the apartment that Appellant could have utilized to personally consume the recovered drugs.
 {¶ 27} Accordingly, we find that the State presented substantial circumstantial evidence that Appellant had prepared a controlled substance for distribution. As such, the jury did not lose its way in convicting Appellant of trafficking in marijuana.
 {¶ 28} Having disposed of Appellant's challenge to the weight of the evidence, we similarly dispose of his sufficiency challenge as to each conviction. See Roberts, supra, at *2. Appellant's second assignment of error is overruled. III. {¶ 29} Appellant's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
 Judgment affirmed. *Page 15 
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
SLABY, P. J., CARR, J. CONCUR.
(Baird, J., retired, of the Ninth District Court of Appeals, sitting by assignment pursuant to, § 6(C), Article IV, Constitution.) *Page 1