DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, Glen Williams, appeals the decision of the Summit County Court of Common Pleas, which found him guilty of possession of drug paraphernalia. This Court affirms.
 I. {¶ 2} On July 6, 2007, members of the Akron Police Department responded to a call regarding illegal drug activity at 609 Arden Place in Akron, Ohio. Officer Keith Meadows met the owner of the residence, Joselle Wilder, at
 the back door and obtained her permission to search the residence. *Page 2 
 {¶ 3} As a result of the search, Williams was indicted by the Summit County Grand Jury on one count of possession of cocaine, a violation of R.C. 2925.11; one count of permitting drug abuse, a violation of R.C.2925.13; and one count of possession of drug paraphernalia, a violation of R.C. 2925.14(C)(1). On the day of trial, the State dismissed the permitting drug abuse charge. The jury found Williams guilty of possession of drug paraphernalia, but acquitted him of possession of cocaine. The trial court sentenced Williams to thirty days in jail, suspended, and placed him on one year community control.
 {¶ 4} Williams timely appealed his conviction, setting forth one assignment of error for review.
 II. ASSIGNMENT OF ERROR "APPELLANT'S CONVICTION FOR POSSESION OF DRUG PARAPHERNALIA WAS BASED UPON INSUFFICIENT EVIDENCE AS A MATTER OF LAW."
 {¶ 5} In his sole assignment of error, Williams argues that the State failed to present sufficient evidence to support his conviction of possession of drug paraphernalia. This Court disagrees.
 {¶ 6} "When reviewing the trial court's denial of a Crim.R. 29 motion, this [C]ourt assesses the sufficiency of the evidence `to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt.'" State v. Flynn, 9th Dist. No. 06CA0096-M, 2007-Ohio-6210, *Page 3 
at ¶ 8, quoting State v. Jenks (1991), 61 Ohio St.3d at paragraph two of the syllabus. In applying this standard, we view the evidence in the light most favorable to the prosecution. Jenks, 61 Ohio St.3d 259 at paragraph two of the syllabus; State v. Feliciano (1996),115 Ohio App.3d 646, 652. "In essence, sufficiency is a test of adequacy."State v. Thompkins (1997), 78 Ohio St.3d 380, 386.
 {¶ 7} Williams was convicted of possession of drug paraphernalia, a violation of R.C. 2925.14(C)(1), which provides that "[n]o person shall knowingly use, or possess with purpose to use, drug paraphernalia." Possession is defined as "having control over a thing or substance, but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found." R.C. 2925.01(K). R.C. 2901.21(D)(1) sets forth the requirements for criminal liability and provides: "Possession is a voluntary act if the possessor knowingly procured or received the thing possessed, or was aware of the possessor's control of the thing possessed for a sufficient time to have ended possession."
 {¶ 8} Possession may be either actual or constructive. State v.Kobi (1997), 122 Ohio App.3d 160, 174, citing State v. Haynes (1971), 25 Ohio St.2d 264, 269-70.
 "Constructive possession will be found when a person knowingly exercises dominion or control over an item, even without physically possessing it. While mere presence in the vicinity of the item is insufficient to justify possession, ready availability of the item and *Page 4 
close proximity to it support a finding of constructive possession." (Internal citations omitted.) State v. Lamb, 9th Dist. No. 23418, 2007-Ohio-5107, at ¶ 12.
While some factors, such as mere access to drugs, are insufficient to establish constructive possession on their own, "viewing these factors together as a whole can be used as circumstantial evidence to establish constructive possession." State v. Owens, 9th Dist. No. 23267,2007-Ohio-49, at ¶ 23.
 {¶ 9} Officer Meadows testified on behalf of the State. Officer Meadows testified that after he obtained Ms. Wilder's consent to search the house, he and Officer Church searched the basement. Officer Meadows stated that upon entering the basement, he found Williams and Amy Boden in bed together. Officer Meadows observed a substance which appeared to be crack cocaine in a bag. Officer Meadows then identified Williams as the man he saw in the basement.
 {¶ 10} Upon further examination, Officer Meadows stated that he asked Williams and Boden to show their hands in order to secure the area. Officer Meadows testified that after the area was secure, he found a baggie on the right corner of the bed containing a rock-like substance. Officer Meadows stated that the baggie was located on top of a pair of men's high-top tennis shoes. Officer Meadows stated that the substance was sent to the Bureau of Criminal Investigation ("BCI") and identified as crack cocaine. Officer Meadows further stated that he also found a spoon with charred edges on the left side of the mattress and a hair gel container with a used hypodermic needle inside. Officer Meadows *Page 5 
explained that in his experience in law enforcement over the last 13 years, he learned that a spoon in that condition was indicative of drug use. Officer Meadows went on to explain that generally an illegal drug is placed in the spoon and a flame is put to the bottom side of the spoon to liquefy the drug so it can be injected. Officer Meadows stated that the container of hair gel with the used hypodermic needle inside was found on a wash tub behind the furnace in the basement. Officer Meadows testified that after these items were found the police secured a search warrant for the residence.
 {¶ 11} Officer Meadows further testified that upon the execution of the search warrant, other items of drug paraphernalia were found. Officer Meadows stated that Williams was arrested and taken to the Summit County Jail. Officer Meadows testified that when questioned, Williams admitted to using cocaine.
 {¶ 12} The defense did not present any witnesses at trial.
 {¶ 13} Viewing the above evidence in the light most favorable to the prosecution, this Court finds that the jury could have found beyond a reasonable doubt that Williams was guilty of possession of drug paraphernalia. Officer Meadows testified that Williams was found lying on a mattress in the basement. To Williams' left was a charred spoon, which Officer Meadows testified was used to liquefy drugs. To Williams' right was a baggie containing crack cocaine. A used hypodermic needle and other drug paraphernalia were also found in the *Page 6 
basement. All of the items found in the basement were readily available and within close proximity to Williams.
 {¶ 14} Consequently, Williams' sole assignment of error is overruled.
 III. {¶ 15} Williams' sole assignment of error is overruled. The decision of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30. *Page 7 
Costs taxed to appellant.
 SLABY, J., MOORE, J., CONCUR *Page 1