DECISION AND JOURNAL ENTRY
 INTRODUCTION {¶ 1} According to witnesses, Anthony Martin was an out-of-town guest who had been present at his friend's house in Wooster for just 90 minutes when police arrived with a search warrant for the premises. Police encountered Mr. Martin in an upstairs hallway as he exited the bathroom. They found a small rock of crack cocaine in his pocket and a large amount of crack cocaine in and around the toilet in the bathroom he had just exited. He was convicted of a fifth-degree felony count of possession of crack cocaine for the rock found in his pocket. He has not contested that conviction. He has focused his arguments on the first-degree felony count of possession of crack cocaine based on the crack found in and around the toilet. Mr. Martin has argued that there was insufficient evidence to support that conviction and that it was against the manifest weight of the evidence. This Court affirms because the conviction is supported by sufficient evidence and is not against the manifest weight of the evidence. *Page 2 
 BACKGROUND {¶ 2} At the time of the raid, Pamela Long was living with her boyfriend, Dennis Holmes, at 605 East South Street in Wooster. Mr. Holmes and several friends, including Mr. Martin, were gathered around the dining-room table playing cards. Ms. Long was lying on the couch in the dining room and, according to her, Mr. Martin was standing by the dining-room table when police knocked at the door. After that, she lost track of Mr. Martin in her effort to get to her children. Johnnie Dillon was sitting at the table beside Mr. Martin when police knocked at the door. According to him, Mr. Martin went upstairs as the police were entering the house.
 {¶ 3} Sergeant Lemmon of the Wooster Police Department testified that Dennis Holmes came to the door when they announced their presence, but did not immediately open it. He said that Mr. Holmes opened the door about ten seconds after police first knocked. The officers then rushed inside and began securing people. Sergeant Lemmon said that he went through the living room to the dining room to access a staircase to the second story. Before he reached the top of the stairs, he saw Mr. Martin walking out of the bathroom on the second floor. The only other person who was upstairs was a child who was asleep in one of the bedrooms. Sergeant Lemmon said that, given his position in the hallway, nobody else could have gone down the stairs unnoticed once he went up. The sergeant said that he saw what appeared to be numerous rocks of crack cocaine inside the toilet and a piece of the same substance on the floor nearby.
 {¶ 4} Dustin Burnett, a technical surveillance agent with the Medway Drug Enforcement Agency, testified that he found a small rock of crack cocaine in the right front pocket of Mr. Martin's pants. According to Agent Burnett, Mr. Martin admitted that the rock was his, but denied any knowledge of the cocaine found in the bathroom. *Page 3 
 {¶ 5} Michael Polen, an intelligence specialist with the Medway Drug Enforcement Agency, testified that the search warrant was based on information implicating Dennis Holmes, not Mr. Martin, in the sale of crack cocaine. He also testified that, in his experience, it is common for drug dealers to pay a homeowner or leaseholder rent to "set up shop" in a home to sell drugs for a time. Specialist Polen testified that most of the crack cocaine was found inside the toilet while several pieces were found in the trash can beside the toilet and several more were found on the floor near the toilet. Numerous pieces were found in the toilet bowl and a baggie containing two larger rocks was found lodged in the S trap of the toilet. He testified on cross-examination that the crack cocaine found in Mr. Martin's pocket had dark spots on it and was not identical in appearance to the crack found in the bathroom. None of the law enforcement personnel heard a toilet flush during the raid.
 SUFFICIENCY {¶ 6} Whether a conviction is supported by sufficient evidence is a question of law that this Court reviews de novo. State v.Thompkins, 78 Ohio St. 3d 380, 386 (1997); State v. West, 9th Dist. No. 04CA008554, 2005-Ohio-990, at ¶ 33. This Court must determine whether, viewing the evidence in a light most favorable to the prosecution, it would have convinced an average juror of Mr. Martin's guilt beyond a reasonable doubt. State v. Jenks, 61 Ohio St. 3d 259, paragraph two of the syllabus (1991).
 {¶ 7} Mr. Martin was convicted of violating Section 2925.11 of the Ohio Revised Code. Section 2925.11(A) provides that "[n]o person shall knowingly obtain, possess, or use a controlled substance." Section 2925.01(K) defines "possession" as "having control over a thing or substance. . . ." A defendant constructively possesses an item if he knowingly exercises dominion or control over it, even if he does not physically possess it. State v. Lamb, 9th Dist. *Page 4 
No. 23418, 2007-Ohio-5107, at ¶ 12. "Readily usable drugs in close proximity to an accused may constitute sufficient circumstantial evidence to support a finding of constructive possession." State v.Ruby, 149 Ohio App. 3d 541, 2002-Ohio-5381, at ¶ 36. "A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist." R.C. 2901.22(B).
 {¶ 8} Mr. Martin came out of the bathroom seconds after police stormed through the living room and up the stairs. Much of the cocaine was found laying around in plain view in that bathroom, in the toilet bowl, on top of the contents of the trash can, and on the floor. Mr. Martin admitted that the rock of crack cocaine found in his pocket belonged to him, but denied any knowledge of the rest. Viewing the evidence in a light most favorable to the State, it was sufficient to prove that Mr. Martin had dominion and control over the crack cocaine found in the bathroom. Therefore, there was sufficient evidence to prove that he knowingly possessed it. To the extent that Mr. Martin's assignment of error addresses the sufficiency of the evidence, it is overruled.
 MANIFEST WEIGHT {¶ 9} In support of his argument that his conviction is against the manifest weight of the evidence, Mr. Martin has pointed out that several other people, including known drug dealers, were in the home at the time of the raid, that the motivation for the raid was a belief that one of the other men had drugs in the house, and that the crack in Mr. Martin's pocket appeared different from the crack found in the bathroom. When a defendant argues that his conviction is against the manifest weight of the evidence, this Court "must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine *Page 5 
whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v.Otten, 33 Ohio App. 3d 339, 340 (1986).
 {¶ 10} Mr. Martin was the only adult found on the second floor of the house and he was caught coming from the room where the cocaine was found. The two largest rocks of crack were found lodged in the S trap of the toilet, but numerous pieces were found in plain view in and around the toilet. The jury was free to disbelieve Mr. Martin's claim that he did not know anything about any cocaine in the bathroom. Mr. Martin's lawyer did elicit some testimony from a law enforcement agent indicating that the crack found in Mr. Martin's pocket differed somewhat in appearance from that found in the bathroom. The crack was admitted into evidence at trial, so the jury had the opportunity to examine it at their leisure. Apparently, Mr. Martin's argument that the crack came from two different sources did not convince the jury that he had no connection to the crack found in the bathroom.
 {¶ 11} Two witnesses, called by Mr. Martin, testified that, when the police knocked and announced their presence, Mr. Martin was in the dining room with the rest of the guests, yet seconds later, he was caught upstairs, exiting the bathroom. The jury may have reasonably believed that Mr. Martin had unsuccessfully tried to quickly get rid of the drugs officers found in the bathroom. Based on a review of all the evidence, this Court cannot say that the jury lost its way and created a manifest miscarriage of justice in finding that Mr. Martin knowingly possessed the crack found in the bathroom. To the extent that Mr. Martin's assignment of error addresses the manifest weight of the evidence, it is overruled. *Page 6 
 CONCLUSION {¶ 12} Mr. Martin's conviction is supported by sufficient evidence and is not against the manifest weight of the evidence. The judgment of the Wayne County Common Pleas Court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to appellant.
 MOORE, P. J. SLABY, J. CONCUR *Page 1