DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Shawn McCoy, appeals the judgment of the Summit County Court of Common Pleas. This Court affirms.
 I. {¶ 2} During the week of January 2, 2007 through January 9, 2007, Detective Michael Schmidt, a detective with the City of Akron Street Narcotics Uniform Detail ("SNUD"), conducted surveillance on a home located at 131 Berkley Street in Akron. McCoy lived at this address with Kristie Harrison and their five children, ages 3 to 14 years. As part of their surveillance of McCoy's home, officers arranged for a confidential source to make a controlled purchase of crack cocaine from the residence. McCoy, Harrison and at least a few of the children were present at the home at the time of the purchase. Harrison sold the cocaine to the confidential source. As a result of this surveillance, Detective Schmidt obtained a search warrant for the residence on January 9, 2007. At around 6:00 p.m. on January 9, 2007, Detective *Page 2 
Schmidt observed McCoy and Harrison leave the residence. He requested assistance from other officers in effectuating an investigative stop of McCoy's vehicle and in executing the search warrant.
 {¶ 3} Detective Chris Carney and Detective Alan Jones, both with the SNUD unit, effectuated an investigative stop of McCoy's vehicle shortly after McCoy and Harrison left the home. The officers arrested McCoy because he was driving without a valid driver's license. The officers also arrested Harrison. The officers detected a strong marijuana odor emanating from the vehicle. Harrison informed the officers that while the two were not currently smoking marijuana, they had been smoking it earlier in the day. The officers eventually transported McCoy and Harrison to McCoy's house to conduct the search.
 {¶ 4} The police brought all five children into the living room before they began their search. In the kitchen, in a glass on top of the microwave police discovered .67 grams of cocaine and a razor blade used to cut cocaine. Detective Carney testified that this was a small amount of cocaine. He also testified that this would be a large enough amount for more than one person-and even as many as four people — to consume. Detective Carney testified that the microwave stand was approximately chest level to him from the floor. Officers also discovered a digital scale in the house as well as an ashtray containing recently burned marijuana cigarettes. Officers estimated that the ashtray was approximately ten feet from where the children were sitting.
 {¶ 5} McCoy told the detectives that he smoked marijuana daily. Harrison admitted that she routinely snorted cocaine. Harrison told officers that she used the scale to weigh the drugs she purchased to make certain that she had not been shorted. Harrison said that the cocaine was hers, not McCoy's. McCoy denied possession of any cocaine. None of the officers testified to observing McCoy in physical possession of marijuana or cocaine. The State *Page 3 
presented evidence that McCoy has a previous conviction for child endangering as well as a prior conviction for possession of cocaine.
 {¶ 6} McCoy's case proceeded to trial before a jury. The jury convicted McCoy of possession of cocaine, in violation of R.C. 2925.11(A), a felony of the fifth degree, driving under suspension, in violation of R.C. 4510.11, a misdemeanor of the first degree, possession of marijuana, in violation of R.C. 2925.11(A), and five counts of endangering children, in violation of R.C. 2919.22(A), felonies of the fourth degree. McCoy was sentenced to 12 months of incarceration on each count. The trial court ordered that McCoy serve the sentence for endangering children concurrently with the sentence for possession of cocaine for a total of two years of incarceration.
 {¶ 7} McCoy timely appealed his convictions, raising two assignments of error for our review.
 II. ASSIGNMENT OF ERROR I "[MCCOY'S] CONVICTION FOR POSSESSION OF COCAINE WAS BASED UPON INSUFFICIENT EVIDENCE AS A MATTER OF LAW, AND WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 8} In his first assignment of error, McCoy asserts that his conviction for possession of cocaine was based upon insufficient evidence as a matter of law and was against the manifest weight of the evidence.
 {¶ 9} Crim. R. 29(A) provides that a trial court "shall order the entry of a judgment of acquittal * * * if the evidence is insufficient to sustain a conviction of such offense or offenses." A trial court may not grant an acquittal by authority of Crim. R. 29(A) if the record demonstrates "that reasonable minds can reach different conclusions as to whether each material element of a *Page 4 
crime has been proved beyond a reasonable doubt." State v. Wolfe (1988),51 Ohio App.3d 215, 216. In making this determination, all evidence must be construed in a light most favorable to the prosecution. Id.
 {¶ 10} "While the test for sufficiency requires a determination of whether the state has met its burden of production at trial, a manifest weight challenge questions whether the state has met its burden of persuasion." State v. Gulley (Mar. 15, 2000), 9th Dist. No. 19600, at *1, citing State v. Thompkins (1997), 78 Ohio St.3d 380, 390 (Cook, J., concurring). Further
 "[b]ecause sufficiency is required to take a case to the jury, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency. Thus, a determination that [a] conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency." (Emphasis omitted.) State v. Roberts (Sept. 17, 1997), 9th Dist. No. 96CA006462, at *2.
 {¶ 11} Therefore, we will address McCoy's claim that his convictions were against the manifest weight of the evidence first, as it is dispositive of his claim of insufficiency.
 {¶ 12} A determination of whether a conviction is against the manifest weight of the evidence does not permit this Court to view the evidence in the light most favorable to the State to determine whether the State has met its burden of persuasion. State v. Love, 9th Dist. No. 21654,2004-Ohio-1422, at ¶ 11. Rather,
 "an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Otten (1986), 33 Ohio App.3d 339, 340.
 {¶ 13} This discretionary power should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant. Id. *Page 5 
 {¶ 14} In the instant case, McCoy was convicted of one count of possession of cocaine, in violation of R.C. 2925.11(A). Pursuant to R.C. 2925.11(A), "[n]o person shall knowingly obtain, possess, or use a controlled substance." Possession is defined under R.C. 2925.01(K) as follows: to "hav[e] control over a thing or substance but [] not [] [] solely from mere access to the thing or substance through ownership or occupation upon the premises upon which the thing or substance is found." Possession may be either actual or constructive. See State v.Figueroa, 9th Dist. No. 22208, 2005-Ohio-1132, at ¶ 8, citing State v.Butler (1989), 42 Ohio St.3d 174, 175; State v. Bewsey (June 16, 1993), 9th Dist. No. 15857, at *5. "Constructive possession occurs when a person knowingly exercises dominion or control over the item, even without physical possession." Figueroa, at ¶ 8, citing State v.Hankerson (1982), 70 Ohio St.2d 87.
 {¶ 15} In the specific context of drug possession, "constructive possession may be inferred from the drugs' presence in a usable form and in close proximity to the defendant." Figueroa, at ¶ 8, citing State v.Thomas, 9th Dist. No. 21251, 2003-Ohio-1479, at ¶ 11. "`Possession of a drug includes possessing individually, or jointly with another person. Joint possession exists when two or more persons together have the ability to control an object, exclusive of others.'" Figueroa, at ¶ 8, quoting State v. Alicea (Oct. 18, 2001), 8th Dist. No. 78940, at *17. "Circumstantial evidence is sufficient to support the element of constructive possession." State v. Collins, 9th Dist. No. 23005,2006-Ohio-4722, at ¶ 1 1, citing State v. Jenks (1991),61 Ohio St.3d 259, 272-73. While some factors, such as mere access to drugs, are insufficient to establish constructive possession on their own, "viewing these factors together as a whole can be used as circumstantial evidence to establish constructive possession." State v. Owens, 9th Dist. No. 23267, 2007-Ohio-49, at ¶ 23. *Page 6 
 {¶ 16} McCoy contends that there is no evidence that he actually used, obtained or possessed cocaine. He asserts that the only evidence upon which the conviction could have been based was the inference that he had possession because he was a tenant in the house where the cocaine was found.
 {¶ 17} The State asserts that the fact that McCoy lived in the house where the cocaine was discovered, coupled with his admission to smoking marijuana every day, proves that he had constructive possession of the cocaine.
 {¶ 18} A review of the cases cited by the State reveals that none of the cases involves the factual scenario at issue herein. However, this Court has recently upheld a conviction for possession of cocaine in a factually similar case. See State v. Stowers, 9th Dist. No. 07CA0041,2008-Ohio-1006. As in the within matter, Stowers shared a house with other drug users. Officers found cocaine in two other bedrooms at the house, but only discovered "powder residue" in Stowers' bedroom. Id. at ¶ 14. In reaching our decision that Stowers constructively possessed the cocaine, we relied on evidence that she lived in the residence where the narcotics were discovered and was present during at least two drug deals. We also relied on the fact that officers discovered a significant amount of cocaine and drug paraphernalia around the house, including a police scanner.
 {¶ 19} Further, in State v. Lamb, 9th Dist. No. 23418, 2007-Ohio-5107, this Court upheld a conviction for marijuana possession based on the appellant's constructive possession of the drugs. In Lamb, we relied on the Ohio Supreme Court's decision in Hankerson, 70 Ohio St.2d 87, wherein the Court held that "knowledge of contraband in one's home is sufficient to show constructive possession." Lamb, at ¶ 13, citingHankerson, 70 Ohio St.2d at 91. We explained in Lamb that the Supreme Court, in Hankerson, "relied on the homeowner's dominion and control *Page 7 
over the premises, the facts of normal home occupancy, and testimony that the contraband was in plain view to conclude that the jury had sufficient circumstantial evidence to infer that the appellants knew that contraband was located in the home." Lamb, at ¶ 13, citingHankerson, 70 Ohio St.2d at 91.
 {¶ 20} Here, the State presented evidence that McCoy resided at 131 Berkley Street with Harrison and their five children and that he was present during at least one controlled purchase of cocaine. SeeStowers, supra. Further, the State presented evidence that the cocaine was discovered in plain view. Lamb, at ¶ 13, citing Hankerson,70 Ohio St.2d at 91. Clearly, the jury had sufficient circumstantial evidence to infer that McCoy knew that contraband was located in the home. Id. Given our previous holding that "knowledge of contraband in one's home is sufficient to show constructive possession", we hold that under these facts, the jury did not lose its way in finding that McCoy constructively possessed cocaine. Id. As this Court has disposed of McCoy's challenge to the weight of the evidence, we similarly dispose of his challenge to its sufficiency. Roberts, supra, at *2. McCoy's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II "[MCCOY'S] CONVICTIONS FOR ENDANGERING CHILDREN WERE BASED UPON INSUFFICIENT EVIDENCE AS A MATTER OF LAW, AND WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 21} In his second assignment of error, McCoy asserts that his convictions for endangering children were based upon insufficient evidence as a matter of law and were against the manifest weight of the evidence. We disagree.
 {¶ 22} McCoy was convicted of five counts of endangering children, in violation of R.C. 2919.22(A). R.C. 2919.22(A) provides, in relevant part:
 "No person, who is the parent, guardian, custodian, person having custody or control, or person in loco parentis of a child under eighteen years of age * * * shall *Page 8 
create a substantial risk to the health or safety of the child, by violating a duty of care, protection, or support."
A "substantial risk" is defined as "a strong possibility, as contrasted with a remote or significant possibility, that a certain result may occur or that certain circumstances may exist." R.C. 2901.01(A)(8). An essential element of the crime of endangering children under R.C. 2919.22(A) is the existence of the culpable mental state of recklessness. State v. McGee (1997), 79 Ohio St.3d 193, syllabus. R.C. 2901.22(C) provides:
 "A person acts recklessly when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain result or is likely to be of a certain nature. A person is reckless with respect to circumstances when, with heedless indifference to the consequences, he perversely disregards a known risk that such circumstances are likely to exist."
 {¶ 23} This Court has previously upheld a child endangering conviction where a child was present in a house where crack was sold and consumed. See State v. Tschudy (May 24, 1995), 9th Dist. No. 16820, at *2. The Sixth District Court of Appeals upheld a child endangering conviction in factually similar cases. State v. Moore (Sept. 20, 1991), 6th Dist. No. S-90-16, at *5 (finding that "[b]ecause of the presence of cocaine in appellant's home and the activities that ultimately resulted from the possession, appellant clearly created a substantial risk to the health and safety of his young daughters in violation of R.C. 2919.22").
 {¶ 24} McCoy told detectives that he smoked marijuana every day. It is undisputed that all five of his children with Harrison lived in the Berkley St. house with them. It also undisputed that recently burned marijuana ashes were discovered in a common area of the house and that the children were only sitting 10 or so feet from these ashes while officers searched the house. Furthermore, McCoy does not dispute the fact that officers found cocaine in a glass jar on the microwave in the kitchen. One officer testified that the microwave stand was approximately *Page 9 
chest level to him from the floor. The jury could reasonably have found that the cocaine was accessible to the children who ranged in age from 3 years to 14 years. The record reflects cocaine was both consumed and sold in the house. See Tschudy, supra.
 {¶ 25} Upon review, we cannot say that the trier of fact clearly lost its way in finding that McCoy recklessly created "a substantial risk to the health or safety of the child by violating a duty of care, protection, or support." R.C. 2919.22(A). As this Court has disposed of McCoy's challenge to the weight of the evidence, we similarly dispose of his challenge to its sufficiency. Roberts, supra, at *2. McCoy's second assignment of error is overruled.
 III. {¶ 26} McCoy's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30. *Page 10 
Costs taxed to Appellant.
 CARR, P. J. DICKINSON, J. CONCUR *Page 1