[Cite as *State v. Reis*, 2012-Ohio-2482.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

    v.

BRITTANY N. REIS

    Appellant

C.A. No.    26237

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CR 11 03 0700

DECISION AND JOURNAL ENTRY

Dated: June 6, 2012

WHITMORE, Presiding Judge.

{¶1}    Defendant-Appellant, Brittany Reis, appeals from her conviction in the Summit County Court of Common Pleas. This Court affirms.

I

{¶2}    Reis lost control of her vehicle on the night of February 27, 2011, and collided with a support beam for a sign near an exit ramp on Route 8 South. Officers from the Stow Police Department responded to the scene and discovered that Reis had a suspended license. The officers arrested Reis for driving under suspension and inventoried her car for purposes of towing it. The police discovered one small, round blue pill on the floor of the car between the driver's side seat and door. Reis claimed that she had never seen the pill before. The pill tested positive for MDMA, a component of ecstasy.

{¶3}    A grand jury indicted Reis on three charges: (1) aggravated possession of drugs, in violation of R.C. 2925.11(A)(C)(1); (2) driving under suspension, in violation of R.C.

4510.11; and (3) failure to control, in violation of R.C. 4511.202. Reis pleaded guilty to driving under suspension and failure to control. A bench trial then took place on the charge for the aggravated possession of drugs. The trial court found Reis guilty of aggravated possession and sentenced her to two years of community control.

{¶4} Reis now appeals from her aggravated possession conviction and raises two assignments of error for our review.

II

Assignment of Error Number One

THE TRIAL COURT ERRED AS A MATTER OF LAW BECAUSE THE STATE FAILED TO ESTABLISH ON THE RECORED (sic) SUFFICIENT EVIDENCE TO SUPPORT AN AGGRAVATED DRUG POSSESSION IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE 14TH AMENDMENT TO THE U.S. CONSTITUTION AND ARTICLE I, SECTIONS 1, 10 & 16 OF THE OHIO CONSTITUTION.

{¶5} In her first assignment of error, Reis argues that her conviction for aggravated possession is based on insufficient evidence. She argues that there was no evidence she knowingly possessed the pill the police found in her car.

{¶6} In order to determine whether the evidence before the trial court was sufficient to sustain a conviction, this Court must review the evidence in a light most favorable to the prosecution. *State v. Jenks*, 61 Ohio St.3d 259, 273 (1991).

> An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.

*Id.* at paragraph two of the syllabus; *see also State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997).

"In essence, sufficiency is a test of adequacy." *Thompkins*, 78 Ohio St.3d at 386.

{¶7} "No person shall knowingly obtain, possess, or use a controlled substance." R.C. 2925.11(A). "A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist." R.C. 2901.22(B). "Possession 'may be constructive as well as actual. Constructive possession exists when an individual knowingly exercises dominion and control over an object, even though that object may not be within his immediate physical possession.'" *State v. Kendall*, 9th Dist. No. 25721, 2012-Ohio-1172, ¶ 14, quoting *State v. Hankerson*, 70 Ohio St.2d 87 (1982), syllabus. "[T]he crucial issue is not whether the accused had actual physical contact with the article concerned, but whether the accused was capable of exercising dominion [and] control over it." *State v. Graves*, 9th Dist. No. 08CA009397, 2011-Ohio-5997, ¶ 15, quoting *State v. Ruby*, 149 Ohio App.3d 541, 2002-Ohio-5381, ¶ 30 (2d Dist.). "[R]eady availability of the item and close proximity to it support a finding of constructive possession." *State v. Lamb*, 9th Dist. No. 23418, 2007-Ohio-5107, ¶ 12. Moreover, "[c]ircumstantial evidence is sufficient to support the elements of constructive possession." *State v. Williams*, 9th Dist. No. 25286, 2011-Ohio-4488, ¶ 7.

{¶8} Officer Robert Frisina testified that he saw Reis' vehicle stopped near an exit ramp on Route 8 and stopped to investigate. He informed dispatch of the accident, and dispatch informed him that Reis had a suspended driver's license. Officer Frisina spoke with Reis and asked for her license. In response, she produced a credit card. Reis then admitted that her license had been suspended, but claimed to have driving privileges. Reis was not able to produce any evidence that she had driving privileges, and Officer Frisina determined that he would have to place Reis under arrest.

{¶9} Officer Brian Haddix testified that he responded to the scene to aid with an inventory search once Officer Frisina determined that Reis had a suspended license and would be placed under arrest. Officer Haddix testified that Reis did not want him to go through her belongings. She also told Officer Haddix that items from her purse were all over the vehicle because she had dumped her purse out in an attempt to find her AAA card. Officer Haddix observed items on both seats as well as on the center console. He also found a small, round blue pill with the imprint of a puma on it. Officer Haddix testified that he saw the pill on the floor between the driver's seat and door. He described the pill as being "very visible" and within arm's length of the driver's seat. He also found several empty plastic baggies on the floor of the car that he believed contained marijuana residue. Officer Haddix questioned Reis about both the pill and the marijuana. Reis admitted that she occasionally used marijuana, but denied having any in the car. She also denied having any knowledge of the blue pill.

{¶10} Reis argues that her aggravated possession conviction is based on insufficient evidence because the State failed to prove that she constructively possessed the blue pill. She admits that she owned the vehicle at the time the police searched it, but argues that there was no evidence she knew the pill was in the car. According to Reis, the pill could have been in the car for any length of time without her knowledge and then shifted into position between the driver's seat and door when she collided with the support beam on the exit ramp.

{¶11} Viewing the evidence in a light most favorable to the State, we must conclude that the State presented evidence from which a rational trier of fact could conclude that Reis constructively possessed the blue pill. Reis owned the car the police searched, and the pill was within arm's length of her seat. Accordingly, the pill was readily available to her and in close proximity to her seat when the police discovered it. *See Lamb*, 2007-Ohio-5107, at ¶ 12. Officer

Haddix also described the pill as being "very visible." As such, the State produced circumstantial evidence that Reis was capable of exercising dominion and control over the pill. *See Graves*, 2011-Ohio-5997, at ¶ 15. To the extent Reis argues that someone else could have left the pill and it could have dislodged itself as a result of the accident, those arguments sound in weight, not sufficiency. Reis' argument that the State failed to present sufficient evidence of constructive possession lacks merit. Her first assignment of error is overruled.

<u>Assignment of Error Number Two</u>

MS. REIS' CONVICTION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE POSSESSION (sic) IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE 14TH AMENDMENT TO THE U.S. CONSTITUTION AND ARTICLE I, SECTIONS 1, 10 & 16 OF THE OHIO CONSTITUTION.

{¶12} In her second assignment of error, Reis argues that her aggravated possession conviction is against the manifest weight of the evidence. We disagree.

{¶13} In determining whether a conviction is against the manifest weight of the evidence an appellate court:

> must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.

*State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist.1986). A weight of the evidence challenge indicates that a greater amount of credible evidence supports one side of the issue than supports the other. *Thompkins*, 78 Ohio St.3d at 387. Further, when reversing a conviction on the basis that the conviction was against the manifest weight of the evidence, the appellate court sits as the "thirteenth juror" and disagrees with the factfinder's resolution of the conflicting testimony. *Id.* Therefore, this Court's "discretionary power to grant a new trial should be exercised only in the

exceptional case in which the evidence weighs heavily against the conviction." *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist.1983). *See also Otten* at 340.

{¶14} As previously noted, Reis argues that the blue pill could have shifted positions when she had her car accident. She argues that her conviction is against the manifest weight of the evidence because other people used her car and her possession of the pill cannot be inferred merely from her ownership of the car. Reis testified that she never saw the blue pill before Officer Haddix showed it to her. She further testified that she "ha[d] an idea" who the pill might belong to, but that the person would not be willing to confess to it.

{¶15} Whether Reis knew about the pill was a matter of credibility for the trial court to consider. Officer Haddix testified that Reis did not want him to search her belongings and that, in addition to the blue pill, he found baggies associated with marijuana in Reis' car. Reis also admitted that she emptied the contents of her purse in her vehicle, so it is equally as plausible that the pill fell from her purse as it is that the pill shifted positions during the accident. Further, Reis also admitted to marijuana use and was less than forthcoming about her license suspension, as she claimed to have driving privileges when she did not actually have them. Based on our review of the record, we cannot conclude that this is the exceptional case where the trier of fact lost its way by choosing to believe that Reis knowingly possessed the pill by way of constructive possession. Reis' second assignment of error is overruled.

III

{¶16} Reis' assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETH WHITMORE
FOR THE COURT

MOORE, J.
BELFANCE, J.
CONCUR.

APPEARANCES:

DAWN M. KING, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.