[Cite as *State v. Novotny*, 2013-Ohio-2321.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 26526 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| THADDEUS REED NOVOTNY | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 11 10 2872 |

DECISION AND JOURNAL ENTRY

Dated: June 5, 2013

HENSAL, Judge.

{¶1} Thaddeus Novotny appeals his conviction in the Summit County Common Pleas Court for interference with custody under Revised Code Section 2919.23(A)(1). For the following reasons, this Court affirms.

I.

{¶2} In September 2011, fifteen-year-old J.W. ran away from home. She met Jeana Anderson shortly thereafter and Ms. Anderson took her to Mr. Novotny's apartment. Mr. Novotny agreed to let J.W. stay with him and bought her some clothes. She lived with Mr. Novotny for several weeks until she was located by police.

{¶3} After the police found J.W., she told them that she had sex with Mr. Novotny. The Grand Jury indicted him for unlawful sexual conduct with a minor and interference with custody. A jury found him not guilty of unlawful sexual conduct with a minor, but guilty of

interference with custody. The trial court sentenced him to 90 days in jail, which it suspended.

Mr. Novotny has appealed his conviction, assigning three errors.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED AS A MATTER OF LAW BECAUSE THE STATE FAILED TO ESTABLISH ON THE RECORD SUFFICIENT EVIDENCE TO SUPPORT A CHARGE OF INTERFERENCE WITH CUSTODY IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE 14TH AMENDMENT TO THE U.S. CONSTITUTION AND ARTICLE I, SECTIONS 1, 10 & 16 OF THE OHIO CONSTITUION.

{¶4} Mr. Novotny argues that his conviction is not supported by sufficient evidence. In order to determine whether the evidence before the trial court was sufficient to sustain a conviction, this Court must review the evidence in a light most favorable to the prosecution. *State v. Jenks*, 61 Ohio St.3d 259, 273 (1991).

An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.

*Id*. at paragraph two of the syllabus; *see also State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). "In essence, sufficiency is a test of adequacy." *Thompkins* at 386.

{¶5} Revised Code Section 2919.23(A)(1) provides that "[n]o person, knowing the person is without privilege to do so or being reckless in that regard, shall entice, take, keep, or harbor [a child under the age of eighteen] from the parent, guardian, or custodian of the [child] * * *." "'Privilege' means an immunity, license, or right conferred by law, bestowed by express or implied grant, arising out of status, position, office, or relationship, or growing out of necessity." R.C. 2901.01(A)(12). Harboring is "[t]he act of affording lodging, shelter, or refuge to a person

* * *." *Black's Law Dictionary* (9th Ed. 2009). "A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist." R.C. 2901.22(B).

> A person acts recklessly when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature. A person is reckless with respect to circumstances when, with heedless indifference to the consequences, he perversely disregards a known risk that such circumstances are likely to exist.

R.C. 2901.22(C).

{¶6}    Mr. Novotny argues that the record does not show that he acted without privilege. According to him, J.W. was a delinquent teenager who ran away from home frequently and whose mother was an unconcerned parent. He notes that a police lieutenant testified that, after police found J.W., her mother asked officers if they could keep her.

{¶7}    J.W.'s mother testified that after J.W. ran away from home, she called the police. She said that she later learned that J.W. was living with someone on the street where Mr. Novotny lived. She testified that she spent two weeks knocking on doors and showing J.W.'s picture to residents of the street. J.W. eventually called her to say that she was okay, but that she was not ready to return home. J.W.'s mother testified that she did not meet or speak to Mr. Novotny before her daughter was found by police. She also testified that she never told Mr. Novotny that her daughter had permission to stay with him.

{¶8}    Mr. Novotny admitted that he knew that J.W. was 15 years old and a runaway. Viewing the evidence in a light most favorable to the State, we conclude that there was sufficient evidence that Mr. Novotny harbored J.W. by letting her stay at his house in reckless disregard as to whether she had her mother's permission. Accordingly, there is sufficient evidence in the

record to support his conviction for interference with custody. Mr. Novotny's first assignment of error is overruled.

ASSIGNMENT OF ERROR II

MR. NOVOTNY'S CONVICTION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE POSSESSION (SIC) IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE 14TH AMENDMENT TO THE U.S. CONSTITUTION AND ARTICLE I, SECTIONS 1, 10 & 16 OF THE OHIO CONSTITUTION.

{¶9} Mr. Novotny also argues that his conviction is against the manifest weight of the evidence. In reviewing whether a conviction is against the manifest weight of the evidence, this Court "must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist.1986).

{¶10} Mr. Novotny argues that, although he took J.W. in, he was only acting as a good Samaritan. According to him, after he learned that J.W. was 15 years old and a runaway, he made her call home. He testified that he spoke to J.W.'s mother on multiple occasions and that the three of them all met at a sports bar so that J.W.'s mother could drop off J.W.'s clothes. He also testified that J.W.'s mother visited J.W. at his apartment and approved of her staying with him.

{¶11} Mr. Novotny's testimony was corroborated by his neighbor, September Horton. Ms. Horton testified that she saw J.W.'s mother at Mr. Novotny's apartment "a lot." She testified that J.W.'s mother was at Mr. Novotny's apartment at least seven times and that on one of the occasions, she brought J.W. some clothes. On the other hand, Ms. Horton admitted that

she had been convicted of multiple felonies and that she did not like J.W. because J.W. had sex with one of her boyfriends.

**{¶12}** The State argues that the jury was entitled to believe J.W.'s mother's testimony, which contradicted Mr. Novotny's. According to J.W.'s mother, she did not meet or speak with Mr. Novotny while her daughter was living with him. She also never gave him or anyone else permission to take care of her. J.W.'s mother's testimony was corroborated by J.W., who testified that her mother did not know where she was staying.

**{¶13}** Upon review of the record, we conclude that the jury did not lose its way when it found Mr. Novotny guilty of interference with custody. Mr. Novotny admitted that, when he spoke to police after they located J.W., he initially denied that J.W. had stayed with him. The jury could conclude that, if J.W.'s mother had given J.W. permission to stay at his apartment, he would not have had reason to deny that she had been there. The jury also had the opportunity to observe the witnesses first hand and assess their credibility. We cannot say its decision to believe the testimony of J.W. and her mother over the testimony of Mr. Novotny and his neighbor resulted in a manifest miscarriage of justice. *See State v. Howse*, 9th Dist. No. 12CA010251, 2012-Ohio-6106, ¶ 45 ("[T]he jury was entitled to believe all, part, or none of the testimony of each witness."). Mr. Novotny's second assignment of error is overruled.

ASSIGNMENT OF ERROR III

THE PROSECUTOR'S REMARKS DURING CLOSING ARGUMENT ROSE TO THE LEVEL OF PROSECUTORIAL MISCONDUCT THAT DEPRIVED MR. NOVOTNY OF HIS RIGHT TO A FAIR TRIAL IN VIOLATION OF HIS 5TH, 6TH, AND 14TH AMENDMENT RIGHTS UNDER THE U.S. CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.

**{¶14}** Mr. Novotny also argues that the prosecutor engaged in misconduct during closing argument by expressing his personal belief about the credibility of the witnesses and Mr.

Novotny's culpability. He concedes that, because he did not object to the prosecutor's allegedly improper statements, he is limited to arguing plain error on appeal.

{¶15} In deciding whether a prosecutor's conduct rises to the level of prosecutorial misconduct, a court determines if the prosecutor's actions were improper, and, if so, whether the defendant's substantial rights were actually prejudiced. *State v. Smith*, 14 Ohio St.3d 13, 14 (1984). "[A] judgment may only be reversed for prosecutorial misconduct when the improper conduct deprives the defendant of a fair trial." *State v. Knight*, 9th Dist. No. 03CA008239, 2004-Ohio-1227, ¶ 6. "The touchstone of the analysis 'is the fairness of the trial, not the culpability of the prosecutor.'" *State v. Diar*, 120 Ohio St.3d 460, 2008-Ohio-6266, ¶ 140, quoting *Smith v. Phillips*, 455 U.S. 209, 219 (1982).

{¶16} "[W]hen the defendant fails to object to * * * purported acts of prosecutorial misconduct, he limits appellate review to that of plain error." *State v. Veal*, 9th Dist. No. 26005, 2012-Ohio-3555, ¶ 18. Under Criminal Rule 52(B), "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." "As notice of plain error is to be taken with utmost caution and only to prevent a manifest miscarriage of justice, the decision of a trial court will not be reversed due to plain error unless the defendant has established that the outcome of the trial clearly would have been different but for the alleged error." *Veal* at ¶ 18. "[T]he issue is whether but for the prosecutor's misconduct the verdict would have been otherwise." *State v. Johnson*, 46 Ohio St.3d 96, 102 (1989).

{¶17} Mr. Novotny argues that the prosecutor improperly told the jury that he was a liar:

> [Mr. Novotny] lied to the police. His motivation for talking to the police was he was trying to talk his way out of it. * * * I should call it Plan L, because it was a lie. * * * Second version is a lie, too. * * * He knows he has got to say something, so he lied.

Mr. Novotny also argues that the prosecutor improperly bolstered J.W.'s testimony:

But talking about her written statement and her verbal statement, she said, "I don't remember. It is a lie." * * * She said she was scared. I tried to get her to explain it. Didn't make any sense. She had her head down, she started closing up her answers; she didn't want to be here any more. But she knows that what she told Officer Krantz and what she wrote down is the truth. She said she lied to Officer Krantz on the witness stand. That statement is not believable; it is not credible. * * * Why would she make that up? She liked him.

Mr. Novotny further argues that the prosecutor expressed additional improper opinions about him:

[Mr. Novotny's] reading [the police lieutenant's] face, he is trying to get away with it; he realizes [the lieutenant] is not buying it. He is thinking in his head, "What other evidence does [the lieutenant] have that puts this girl at my house?"

According to Mr. Novotny, because his case turned on the credibility of the witnesses, there is a reasonable probability that its outcome would have been different but for the prosecutor's improper statements.

{¶18} The State argues that the prosecutor based his arguments on the record not his personal opinion. It also notes that the court instructed the jury that the closing arguments were not evidence. It further argues that the prosecutor's comments were made in relation to the unlawful-sexual-conduct charge, not the interference-with-custody charge. According to the State, because the jury acquitted Mr. Novotny of unlawful sexual conduct with a minor, the prosecutor's statements were not prejudicial.

{¶19} Regarding the prosecutor's characterization of Mr. Novotny as a liar, Mr. Novotny admitted at trial that, when he spoke to a police lieutenant after the police found J.W., he initially denied that J.W. had stayed with him. He testified that he later conceded to the lieutenant that J.W. had stayed at his apartment. Mr. Novotny also admitted at trial that, although he initially told the lieutenant that J.W. had only slept on a futon at his apartment, he later confessed that J.W. had slept in his bed with him on one occasion.

**{¶20}** This Court has stated that "it is not prosecutorial misconduct to characterize a witness as a liar * * * if the evidence reasonably supports the characterization." *Akron v. McGuire*, 9th Dist. No. 24638, 2009-Ohio-4661, ¶ 13, quoting *State v. Johnson*, 9th Dist. No. 06CA0074, 2007-Ohio-5604, ¶ 12. Upon review of the evidence, we conclude that the prosecutor's characterization of Mr. Novotny was reasonably supported by Mr. Novotny's own testimony that he had been untruthful while talking to the police lieutenant.

**{¶21}** Regarding the prosecutor's assertion that J.W.'s initial oral and written statements to police were credible, we note that the statements concerned whether she had had sex with Mr. Novotny. Because Mr. Novotny was acquitted of the unlawful sexual conduct with a minor charge, we conclude that he was not prejudiced by the prosecutor's assertion.

**{¶22}** Regarding the prosecutor's statement about what Mr. Novotny was thinking when he spoke to the police lieutenant, we note that the statement was also made in regard to whether Mr. Novotny and J.W. had engaged in sexual conduct. According to the prosecutor, the reason that Mr. Novotny was trying to "read" the lieutenant was because, although he knew he could not admit to having sex with J.W., he knew that what he had already told the lieutenant was not "working." In light of the fact that Mr. Novotny was not convicted of unlawful sexual conduct with a minor, he has not established that the prosecutor's statement deprived him of a fair trial. Mr. Novotny's third assignment of error is overruled.

### III.

**{¶23}** Mr. Novotny's conviction for interference with custody is supported by sufficient evidence and is not against the manifest weight of the evidence. The prosecutor's allegedly improper statements did not affect the outcome of his trial. The judgment of the Summit County Common Pleas Court is affirmed.

9

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

WHITMORE, J.
CONCURS.

BELFANCE, P. J.
CONCURRING IN JUDGMENT ONLY.

{¶24} I concur. With respect to Mr. Novotny's third assignment of error, I agree that Mr. Novotny failed to demonstrate prejudice. I write separately to note that Mr. Novotny argues in his merit brief that the prosecutor *called* him a liar. However, the prosecutor did not call him

a liar. Instead, he pointed out that Mr. Novotny had lied to police. This was a true statement because Mr. Novotny actually admitted that he was initially untruthful to police. Thus, it was not prosecutorial misconduct to point out to the jury the fact that Mr. Novotny had lied. In this respect there is a critical difference between characterizing something as untrue in light of the evidence as opposed to actually calling the accused a liar which would clearly constitute prosecutorial misconduct.

{¶25} The word "liar" is pejorative and has very negative connotations; it implies that a person has a reputation for being untruthful that goes beyond the occasional fib. Under the best of circumstances, if a prosecutor told the jury that the defendant is a liar, this would invade the province of the jury given that it would express a personal belief not only as to the credibility of the defendant but also a personal belief about his character. *See Akron v. McGuire*, 9th Dist. No. 24638, 2009-Ohio-4661, ¶ 13. ("[P]rosecutors may not invade the realm of the jury by, for example, stating their personal beliefs regarding guilt and credibility, or alluding to matters outside the record.") (Internal quotations and citation omitted.).

{¶26} Although some of the additional statements made by the prosecutor could be viewed as improper, Mr. Novotny did not establish prejudice. I also note that Mr. Novotny's trial counsel objected to one of the statements he now complains about on appeal. However, the trial court sustained counsel's objection to that statement, and Mr. Novotny has not developed any argument as to why the prosecutor's statement prejudiced him given that the trial court sustained his objection.

APPEARANCES:

DAWN M. KING, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.