[Cite as *State v. Wood*, 2013-Ohio-5802.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 26820 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| ANGELO D. WOOD | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 12 10 2808 |

DECISION AND JOURNAL ENTRY

Dated: December 31, 2013

HENSAL, Judge.

{¶1} Appellant, Angelo D. Wood, appeals from his convictions in the Summit County Court of Common Pleas. For the following reasons, this Court affirms.

I.

{¶2} Mr. Wood's girlfriend, Jessica Jackson, called the Akron police for assistance in retrieving her personal property from a home she rented with him. She lived with her mother at the time, but spent some nights at the home with Mr. Wood. Ms. Jackson alleged that she and Mr. Wood were arguing that day and she was concerned that he was going to become physically violent toward her. When the police arrived and asked her if there were any weapons in the home, Ms. Jackson replied that Mr. Wood had a gun and drugs inside. She told the police where the gun and drugs were located in the home. Ms. Jackson agreed that the police could search the home, and signed a form confirming her consent. The search revealed a bag of crack cocaine,

digital scales, razor blades, plates with crack cocaine residue, a 9 mm handgun, magazines for the gun, and ammunition.

{¶3} Mr. Wood was indicted by the Grand Jury for one count of having weapons while under disability, a violation of R.C. 2923.13(A)(3), possession of cocaine, a violation of R.C. 2925.11(A), (C)(4), and domestic violence, a violation of R.C. 2919.25(A). The matter proceeded to trial, and the jury found Mr. Wood guilty of having weapons under disability and possession of cocaine. He was acquitted of the domestic violence charge. The trial court sentenced Mr. Wood to a total of two years in prison.

{¶4} He filed a timely appeal and raises one assignment of error for this Court's review.

II.

ASSIGNMENT OF ERROR

APPELLANT WAS DEPRIVED OF HIS CONSTITUTIONAL RIGHT TO A FAIR TRIAL WHEN THE PROSECUTOR COMMITTED MISCONDUCT BY ELICITING INADMISSIBLE AND HIGHLY PREJUDICIAL TESTIMONY, IN VIOLATION OF APPELLANT'S RIGHTS UNDER THE FIFTH, SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, ARTICLE ONE, SECTION TEN OF THE OHIO CONSTITUTION, AND RULE 16 OF THE OHIO RULES OF CRIMINAL PROCEDURE.

{¶5} Mr. Wood argues that he was deprived of a fair trial because of prosecutorial misconduct. This Court disagrees.

{¶6} "The test for prosecutorial misconduct is whether remarks are improper and, if so, whether they prejudicially affected substantial rights of the accused." *State v. Lott*, 51 Ohio St. 3d 160, 165 (1990). "[A] judgment may only be reversed for prosecutorial misconduct when the improper conduct deprives the defendant of a fair trial." *State v. Carano*, 9th Dist. Summit No. 26544, 2013-Ohio-1633, ¶ 20, quoting *State v. Knight,* 9th Dist. Lorain No. 03CA008239, 2004–

Ohio–1227, ¶ 6. "The defendant must show that there is a reasonable probability that but for the prosecutor's misconduct, the result of the proceedings would have been different." *State v. Veal*, 9th Dist. Summit No. 26005, 2012-Ohio-3555, ¶ 17, citing *State v. Loza*, 71 Ohio St.3d 61, 78 (1994). "The touchstone of the analysis 'is the fairness of the trial, not the culpability of the prosecutor.'" *State v. Diar*, 120 Ohio St.3d 460, 2008–Ohio–6266, ¶ 140, quoting *Smith v. Phillips*, 455 U.S. 209, 219 (1982).

{¶7} Mr. Wood argues that the prosecutor elicited irrelevant testimony from Ms. Jackson about the purpose of the drug paraphernalia that suggested he sold drugs. He was not charged with drug trafficking; but rather, drug possession. He contends that such questioning was "clearly designed" to disparage his character.

{¶8} The prosecutor asked Ms. Jackson about the purpose of a digital scale that was found in the home. Over objection, she replied that it was used to weigh drugs. The prosecutor next inquired, also over objection, if she had observed Mr. Wood use a razor blade and kitchen plate that were discovered during the search. Ms. Jackson responded in the affirmative. When the prosecutor asked her what the items were used for, she testified that Mr. Wood used the items to "chop down" pieces of crack cocaine. Mr. Wood did not object to the prosecutor's question about the purpose of the plate and razor blade.

{¶9} The prosecutor's questions about the purpose of the scale, plate and razor blade were not improper. Mr. Wood was charged with drug possession under R.C. 2925.11(A), which provides that "no person shall knowingly obtain, possess, or use a controlled substance * * *." To "[p]ossess" is defined as "having control over a thing or substance, but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found." R.C. 2925.01(K). Thus, the State could

not rely solely on the fact that Mr. Wood resided at the home to establish that he possessed the drugs. It also had to prove that he had control over the drugs. *Id.*; *State v. Carlton*, 9th Dist. Lorain No. 12CA010219, 2013-Ohio-2788, ¶ 11 ("We have also recognized that 'the crucial issue is not whether the accused had actual physical contact with the article concerned, but whether the accused was capable of exercising dominion [and] control over it.'"), quoting *State v. Reis*, 9th Dist. Summit No. 26237, 2012-Ohio-2482, ¶ 7. Ms. Jackson's testimony, if believed, established that Mr. Wood exerted "dominion and control" over the drugs as he used the scale, plate and razor blades to physically handle the drugs when he weighed them and "chop[ped] [them] down." *Reis* at ¶ 7.

{¶10} In addition, the prosecutor played a recording of a jailhouse telephone call between Ms. Jackson and Mr. Wood wherein he remarked that the police would not have evidence of a "buy" at the home. The prosecutor asked Ms. Jackson, "What does buy mean?" Ms. Jackson testified that it was her understanding that "when police are * * * going after people that sell drugs * * * they have to get a buy from somebody in order to go after them[.]* * * [W]hat he's saying to me, they did not have actually a sale from like an undercover officer * * * from Mr. Wood * * *." Mr. Wood did not object to either the recording or the question to Ms. Jackson about what a "buy" meant.

{¶11} Because Mr. Wood did not object to either the call or the subsequent follow up question from the prosecutor, "he limits appellate review to that of plain error." *State v. Novotny*, 9th Dist. Summit No. 26526, 2013-Ohio-2321, ¶ 16. Crim.R. 52(B) states that "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." "As notice of plain error is to be taken with utmost caution and only to prevent a manifest miscarriage of justice, the decision of a trial court will not be reversed due

to plain error unless the defendant has established that the outcome of the trial clearly would have been different but for the alleged error." *Veal*, 2012-Ohio-3555, at ¶ 18. However, Mr. Wood does not argue plain error in his brief, and this Court declines to create such an argument on his behalf sua sponte. *State v. Griffin*, 9th Dist. Lorain No. 11CA010128, 2013-Ohio-416, ¶ 37.

{¶12} In addition, this Court notes that, although not specifically cited by Mr. Wood in his appellate brief, Akron Police officer William Lagasse also testified about the purpose of the drug paraphernalia. The prosecutor asked him, "[b]ased on your training and experience, can you explain to the jury what the significance is of these digital scales as it relates to the possession of cocaine?" Over objection, Officer Lagasse testified that the scales, kitchen plate and razor blade "indicate[ ] that someone is cutting up the cocaine and is measuring the cocaine out [and] packaging the cocaine[.]" Mr. Wood's counsel again objected, which was overruled by the trial court. Officer Lagasse continued his testimony: "And then in my opinion as well, would be an indication of someone that is selling cocaine and trafficking the cocaine." Upon objection, the trial court instructed the jury that "[Mr. Wood] is not charged with trafficking or selling. He is only accused of possessing cocaine. So you're not to consider that as evidence, that he is a drug trafficker or trafficking the cocaine. He is only charged with possession of cocaine. So you are to disregard that answer and consider it only for purpose of the charge of possession of cocaine." The prosecutor then asked Officer Lagasse what it means to cut up the cocaine. Mr. Wood's counsel objected, but the trial court stated that it would consider the objection after it heard Officer Lagasse's testimony. He testified that, "[a]s it relates to the cocaine, it means that the cocaine was bought maybe in a bigger bag, it was put on [a] plate, it was cut up in lines to be used, or in smaller pieces to be resold." The Court sustained the

objection, and instructed the jury that "[it was] not to consider this testimony as any evidence of drug trafficking. [Mr. Wood] is not charged with drug trafficking. He is only charged with possession of cocaine."

{¶13} Thus, the trial court instructed the jury on two occasions to limit its consideration of the evidence suggesting the sale of the drugs in light of the fact that Mr. Wood was charged only with possession of cocaine and not drug trafficking. "Juries are presumed to follow the court's instructions, including instructions to disregard testimony." *State v. Johnson*, 71 Ohio St.3d 332, 340 (1994). Accordingly, even if this Court were to conclude that the prosecutor's conduct was improper, Mr. Wood has failed to demonstrate how his substantial rights were prejudicially affected given the limiting instructions from the trial court.

{¶14} Mr. Wood further argues that the prosecutor elicited testimony from Ms. Jackson about prior alleged physical altercations with him that was also designed to reflect negatively on his character. However, the portions of the transcript he cites pertain to questions asked by defense counsel rather than the prosecutor.

{¶15} Mr. Wood has failed to persuade us that any prosecutorial misconduct occurred during the trial. Accordingly, this Court cannot conclude that he was deprived of his right to a fair trial. Mr. Wood's assignment of error is overruled.

III.

{¶16} Mr. Wood's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

WHITMORE, J.
CONCURS.

CARR, P. J.
CONCURRING IN JUDGMENT ONLY.

{¶17} I concur in the majority's judgment, as I would overrule Wood's sole assignment of error. I would construe Wood's assignment of error, however, as a challenge to the trial court's admission of certain evidence and the alleged inadequacy of certain limiting instructions. Wood may not attack the admission of evidence by way of an allegation of prosecutorial misconduct. *See State v. Pleban*, 9th Dist. Lorain No. 10CA009789, 2011-Ohio-3254, ¶ 40-41. Accordingly, I would affirm his conviction on that basis.

APPEARANCES:

ADAM VAN HO, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.