[Cite as *State v. Carlton*, 2013-Ohio-2788.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | | |

STATE OF OHIO

    Appellee

    v.

ANDRE L. CARLTON

    Appellant

C.A. No.      12CA010219

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.     11CR083659

DECISION AND JOURNAL ENTRY

Dated: June 28, 2013

HENSAL, Judge.

{¶1} Andre Carlton appeals his convictions for trafficking in drugs, possession of drugs, having weapons under disability, carrying concealed weapons, and possession of drug abuse paraphernalia in the Lorain County Common Pleas Court. For the following reasons, this Court affirms.

I.

{¶2} According to City of Lorain police detectives, over a six-day period in September 2011, they had a confidential informant make three controlled drug buys from Kareem Tucker. After the third buy, they obtained a search warrant for Mr. Tucker's apartment, and raided it the following day. When officers entered the one-room efficiency apartment, they found Mr. Carlton on a mattress in the middle of the room wearing only boxer shorts. Mr. Tucker was not present at the time, but there was a woman on the mattress with Mr. Carlton. During their search

of the apartment, officers found cocaine base, heroin, and scales with cocaine residue.  They also found three firearms.

{¶3}    The Grand Jury indicted Mr. Carlton for trafficking in drugs, possession of drugs, having weapons while under disability, carrying concealed weapons, and drug paraphernalia. The indictment included firearm specifications for three of the offenses. At trial, the State argued that, even though the apartment did not belong to Mr. Carlton, he had constructive possession of the guns, drugs, and drug paraphernalia found during the search.  It also argued that he aided and abetted Mr. Tucker.  The jury found Mr. Carlton guilty of the offenses, and the trial court sentenced him to a total of eight years imprisonment.  Mr. Carlton has appealed, assigning five errors.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED TO THE DETRIMENT OF CARLTON BY NOT CORRECTING COUNSEL WHEN THEY MISSTATED THE LAW.  THE PROSECUTING ATTORNEY'S REMARKS DURING VOIR DIRE CONSTITUTED PLAIN ERROR WHICH DEPRIVED MR. CARLTON OF A FAIR TRIAL IN VIOLATION OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSITUTION AND COMPARABLE PROVISIONS OF THE OHIO CONSTITUTION.

{¶4}    Mr. Carlton argues that the trial court should have corrected the prosecutor when she attempted to define the term "constructive possession" for the jury during voir dire.  The prosecutor told the jury:

> Possession doesn't have to be something that's on your person, and this is where circumstantial evidence comes into play.  All of that paperwork over there that was seated right before me when I was seated at the table, I'm in possession of that.  You can use * * * your common sense that you saw where I was at, the items in front of me, that I could see, even though I'm away from them, they're not in my pockets and in my jacket, but I'm still in possession of those items.  It's called constructive possession.

According to Mr. Carlton, the prosecutor's explanation could have led the jury to believe that constructive possession of an object can be inferred whenever a person is able to see an object. He argues that, even though he did not make a contemporaneous objection to the prosecutor's explanation, it was plain error for the trial court to fail to correct the prosecutor.

{¶5} "A fundamental rule of appellate review is that a reviewing court will not consider as error any issue that a party was aware of but failed to bring to the trial court's attention." *Russell v. City of Akron Hous. Appeals Bd.*, 9th Dist. No. 17271, 1996 WL 1769, *1 (Jan. 3, 1996), citing *Schade v. Carnegie Body Co.*, 70 Ohio St.2d 207, 210 (1982). A failure to preserve an objection in the trial court constitutes a forfeiture of that issue. *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, ¶ 23. "Where a party has forfeited an objection by failing to raise it, the objection may still be assigned as error on appeal if a showing of plain error is made." *State v. Feliciano*, 9th Dist. No. 09CA009595, 2010-Ohio-2809, ¶ 8. *See also* Crim.R. 52(B). Under Criminal Rule 52(B), "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." "As notice of plain error is to be taken with utmost caution and only to prevent a manifest miscarriage of justice, the decision of a trial court will not be reversed due to plain error unless the defendant has established that the outcome of the trial clearly would have been different but for the alleged error." *State v. Veal*, 9th Dist. No. 26005, 2012-Ohio-3555, ¶ 18.

{¶6} According to the Ohio Supreme Court, "[c]onstructive possession exists when an individual knowingly exercises dominion and control over an object, even though that object may not be within his immediate physical possession." *State v. Hankerson*, 70 Ohio St.2d 87 (1982), syllabus. Upon review of the prosecutor's statement, we conclude that it did not mislead the jury. The prosecutor merely pointed out that, even though she had not been holding any of

the items that were at counsel's table when she was sitting at it, she was still in possession of them. The statement did not imply that someone is in constructive possession of an item whenever he is able to see it. Moreover, the trial court correctly instructed the jury regarding the term "constructive possession." It is well settled that, in the absence of evidence to the contrary, "juries are presumed to follow the trial court's instructions." *State v. Witcher*, 9th Dist. No. 26111, 2012-Ohio-4141, ¶ 33.

{¶7} Mr. Carlton has not established that the prosecutor's remark was improper or that, but for her explanation of constructive possession, he would not have been convicted. Accordingly, he has failed to demonstrate plain error. Mr. Carlton's first assignment of error is overruled.

ASSIGNMENT OF ERROR II

THE EVIDENCE PRESENTED AT TRIAL DID NOT PROVE BEYOND A REASONABLE DOUBT THAT CARLTON POSSESSED AND/OR TRAFFICKED IN DRUGS, OR THAT HE WAS COMPLICIT TO POSSESS OR TRAFFIC IN DRUGS. THE STATE DID NOT PROVE THAT CARLTON EVER POSSESSED, OR WAS COMPLICIT TO POSSESS ANY GUN. THE STATE DID NOT PROVE THAT CARLTON HAD CONSTRUCTIVE POSSESSION OF ANY GUN. THE VERDICTS WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED AND THEREBY DEPRIVED APPELLANT OF DUE PROCESS OF LAW AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND COMPARABLE PROVISIONS OF THE OHIO CONSTITUTION BY OVERRULING APPELLANT'S CRIM.R. 29 MOTION FOR JUDGMENT OF ACQUITTAL, AS THE PROSECUTION FAILED TO OFFER SUFFICIENT EVIDENCE TO PROVE BEYOND A REASONABLE DOUBT EACH AND EVERY ELEMENT OF THE OFFENSES OF POSSESSION AND/OR TRAFFICKING OF COCAINE AND AGGRAVATED POSSESSION AND/OR TRAFFICKING OF DRUGS AND/OR POSSESSION, OR COMPLICIT TO POSSESS ANY GUN. THE STATE DID NOT PROVE THAT CARLTON HAD CONSTRUCTIVE POSSESSION OF ANY GUN OR ANY DRUG.

{¶8} Mr. Carlton's lengthy second and third assignments of error are, essentially, that the trial court incorrectly denied his motion for judgment of acquittal and that his convictions are against the manifest weight of the evidence. "Inasmuch as a court cannot weigh the evidence unless there is evidence to weigh," this Court will consider his sufficiency argument first. *State v. Samples*, 9th Dist. No. 12CA0051-M, 2013-Ohio-986, ¶ 5, quoting *Whitaker v. M.T. Automotive, Inc.*, 9th Dist. No. 21836, 2007-Ohio-7057, ¶ 13. Under Criminal Rule 29(A), a defendant is entitled to a judgment of acquittal on a charge against him "if the evidence is insufficient to sustain a conviction * * *." Whether a conviction is supported by sufficient evidence is a question of law that this Court reviews de novo. *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997); *State v. West*, 9th Dist. No. 04CA008554, 2005-Ohio-990, ¶ 33. This Court must determine whether, viewing the evidence in a light most favorable to the prosecution, it could have convinced the average finder of fact of Mr. Carlton's guilt beyond a reasonable doubt. *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus.

{¶9} Mr. Carlton argues that the State did not present sufficient evidence for the jury to find that he possessed the guns, drugs, and drug paraphernalia that were found in Mr. Tucker's apartment. At trial, the State argued that Mr. Carlton had possession of the items because he had dominion and control over the apartment. It also argued that he had acted in complicity with Mr. Tucker.

{¶10} The jury found Mr. Carlton guilty of trafficking in drugs, possession of drugs, having weapons under disability, carrying concealed weapons, and possession of drug abuse paraphernalia. Each of the offenses required the State to prove that Mr. Carlton had possession of the drugs, guns, or drug paraphernalia found in Mr. Tucker's apartment, either by constructive possession or by establishing that he was in complicity with Mr. Tucker. We note that, although

mere possession of drugs is insufficient to prove trafficking, Mr. Carlton's constructive possession of the drugs, which were packaged for sale, together with his possession of the scales that contained cocaine residue would be sufficient circumstantial evidence of trafficking. *See State v. Mielke*, 12th Dist. CA2012-08-079, 2013-Ohio-1612, ¶ 46; R.C. 2925.03(A)(2) ("No person shall knowingly * * * prepare for distribution * * * a controlled substance * * *.").

{¶11} Regarding constructive possession, Revised Code Section 2925.01(K) provides that, "[p]ossess" or "possession" means "having control over a thing or substance, but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found." Section 2901.21(D)(1) states that "[p]ossession is a voluntary act if the possessor knowingly procured or received the thing possessed, or was aware of the possessor's control of the thing possessed for a sufficient time to have ended possession." This Court has repeatedly held that "a person may knowingly possess a substance or object through either actual or constructive possession." *State v. See*, 9th Dist. No. 08CA009511, 2009-Ohio-2787, ¶ 10, quoting *State v. Hilton*, 9th Dist. No. 21624, 2004-Ohio-1418, ¶ 16. "'Constructive possession exists when an individual knowingly exercises dominion and control over an object, even though that object may not be within his immediate physical possession.'" *State v. Reis*, 9th Dist. No. 26237, 2012-Ohio-2482, ¶ 7, quoting *Hankerson*, 70 Ohio St.2d at 87. We have also recognized that "the crucial issue is not whether the accused had actual physical contact with the article concerned, but whether the accused was capable of exercising dominion [and] control over it." (Internal quotations omitted) *Reis* at ¶ 7, quoting *State v. Graves*, 9th Dist. No. 08CA009397, 2011-Ohio-5997, ¶ 15. Inherent in the notions of dominion and control is some authority over the object, not merely the ability to have access to it. *See* R.C. 2925.01(K). "[C]onstructive possession [of drugs] may be inferred from the drugs'

presence in a usable form and in close proximity to the defendant." *State v. Figueroa*, 9th Dist. No. 22208, 2005-Ohio-1132, ¶ 8, citing *State v. Thomas*, 9th Dist. No. 21251, 2003-Ohio-1479, ¶ 11. In addition, "[c]ircumstantial evidence is itself sufficient to establish dominion and control over the controlled substance." *Hilton* at ¶ 16.

{¶12} Regarding complicity, Revised Code Section 2923.03(A) provides that "[n]o person, acting with the kind of culpability required for the commission of an offense, shall * * *: (1) [s]olicit or procure another to commit the offense; (2) [a]id or abet another in committing the offense; [or] (3) [c]onspire with another to commit the offense * * *."

> To support a conviction for complicity by aiding and abetting pursuant to R.C. 2923.03(A)(2), the evidence must show that the defendant supported, assisted, encouraged, cooperated with, advised, or incited the principal in the commission of the crime, and that the defendant shared the criminal intent of the principal. Such intent may be inferred from the circumstances surrounding the crime.

*State v. Johnson*, 93 Ohio St.3d 240 (2001), syllabus.

{¶13} The confidential informant testified that Mr. Carlton was present during two of the controlled drug buys. During one of those buys, he met Mr. Tucker at a different location and accompanied him back to the apartment. When they got to the entrance, Mr. Carlton had to let them in. During another buy, the informant knocked on the door of the apartment, but did not identify himself clearly. When Mr. Carlton answered the door, he scolded the informant for not speaking loudly enough. According to the informant, Mr. Carlton told him that he was "lucky" and that "I could have shot you because I didn't know who was at the door[.]" According to the informant, even when he was not buying drugs from Mr. Tucker, he was at Mr. Tucker's apartment almost every day. Mr. Carlton was also at the apartment each of those times. The informant testified that guns were out during each of the drug buys and that Mr. Carlton was around the guns during the buys.

{¶14} Officers testified that, when they raided the apartment, Mr. Carlton was present, but Mr. Tucker was not. The apartment was small, consisting of one main room with a kitchenette and a separate bathroom. When they entered, Mr. Carlton was on an air mattress on the floor. There was also a chair and a television in the room. Detectives found a handgun inside a blue plastic tub that was about six or seven feet from the mattress. They also found two more guns inside a closet that was five feet from the mattress. They found drugs in the kitchenette area located under the stovetop and in the freezer.

{¶15} The State also presented evidence that Mr. Carlton had previously been convicted of possession of cocaine, demonstrating that he had knowledge of the substances. Upon review of the record, we conclude that, viewing the evidence in a light most favorable to the prosecution, the State presented evidence from which the jury could reasonably find that Mr. Carlton was in constructive possession of the guns, drugs, and drug paraphernalia found in Mr. Tucker's apartment or that he acted in complicity with Mr. Tucker. Mr. Tucker's third assignment of error is overruled.

{¶16} Turning to Mr. Carlton's manifest weight argument, this Court has explained that, in reviewing whether a conviction is against the manifest weight of the evidence, it "must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist.1986). According to Mr. Carlton, just because he was staying with Mr. Tucker for a couple of weeks and happened to be present when the police raided the apartment does not mean that the guns and drugs were his or that he was aiding Mr. Tucker with his drug sales. He notes that the

confidential informant testified that he never saw Mr. Carlton handle any of the drugs or money when he made the controlled drug buys, only Mr. Tucker.

{¶17} Mr. Carlton's admonishment of the confidential informant after the informant failed to announce himself properly demonstrates that Mr. Carlton had control over at least one of the guns that was in the apartment. He also had authority to control who came and went from the apartment and full control over the apartment while Mr. Tucker was away. Upon review of the record, we conclude that the jury did not lose its way when it determined that the evidence established that Mr. Carlton was in constructive possession of the guns, drugs, and drug paraphernalia found in the apartment or that he aided and abetted Mr. Tucker's drug business. Mr. Carlton's second assignment of error is overruled.

ASSIGNMENT OF ERROR IV

THE COURT ERRED TO THE DETRIMENT OF CARLTON BY ALLOWING TESTIMONY ABOUT PRIOR CRIMINAL ACTS THAT WERE ALLEGEDLY COMMITTED BY CARLTON FOR WHICH CARLTON WAS NOT PRESENTLY CHARGED.

{¶18} Mr. Carlton argues that the court incorrectly allowed witnesses to testify about his prior criminal acts. He asserts that the evidence was inadmissible and prejudicial. He also argues that, even though he was charged with having weapons under disability, there was no need for the State to introduce evidence about his prior bad acts because he stipulated to the fact that he had prior convictions for trafficking in cocaine, possession of cocaine, and possession of drug abuse paraphernalia.

{¶19} "Evidence that an accused committed a crime other than the one for which he is on trial is not admissible when its sole purpose is to show the accused's propensity or inclination to commit crime or that he acted in conformity with bad character." *State v. Williams*, 134 Ohio St.3d 521, 2012-Ohio-5695, ¶ 15. Yet, "Evid.R. 404(B) contains a non-exhaustive list of

exceptions under which other acts evidence may be admitted for a purpose other than to show propensity." *State v. Calise*, 9th Dist. No. 26027, 2012-Ohio-4797, ¶ 41. The rule provides that "[e]vidence may be admissible to show 'proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.'" *In re J.C.*, 9th Dist. Nos. 26229 & 26233, 2012-Ohio-3144, ¶ 13, quoting Evid.R. 404(B); *see also* R.C. 2945.59.

**{¶20}** The Ohio Supreme Court has held that, when "considering other acts evidence, trial courts should conduct a three-step analysis." *Williams* at ¶ 19.

> The first step is to consider whether the other acts evidence is relevant to making any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence. The next step is to consider whether evidence of the other crimes, wrongs, or acts is presented to prove the character of the accused in order to show activity in conformity therewith or whether the other acts evidence is presented for a legitimate purpose, such as those stated in Evid.R. 404(B). The third step is to consider whether the probative value of the other acts evidence is substantially outweighed by the danger of unfair prejudice.

(Internal citations omitted.) *Id*. at ¶ 20. "[D]ecisions regarding the admissibility of other-acts evidence under Evid.R. 404(B) are evidentiary determinations that rest within the sound discretion of the trial court." *State v. Morris*, 132 Ohio St.3d 337, 2012-Ohio-2407, syllabus.

**{¶21}** Three police detectives testified that they were familiar with Mr. Carlton through their work. One said that he had made controlled buys from Mr. Carlton in the past, and another said that he knew Mr. Carlton was a drug dealer from prior narcotics-unit investigations. Although the trial court prohibited the detectives from testifying about the details of those prior experiences, Mr. Carlton argues that it is impossible to believe that the repeated references to his past drug dealings did not cause the jury to conclude that he was guilty of the present crimes as well.

{¶22} As Mr. Carlton acknowledges, one of the elements that the State had to prove to establish that he was guilty of having weapons under disability was that he had been "convicted of any felony offense involving the illegal possession, use, sale, administration, distribution, or trafficking in any drug of abuse * * *." R.C. 2923.13(A)(3). Our review of the transcript reveals that, throughout the trial, the court diligently limited the amount of information that the State presented regarding Mr. Carlton's prior offenses. The detectives' testimony reveals no more detail about his past illicit-drug activity than can be inferred from the four Lorain County common pleas court judgment entries to which he stipulated. Upon review of the record, we conclude that the trial court did not abuse its discretion when it allowed the detectives to briefly comment on their prior acquaintance with Mr. Carlton. Mr. Carlton's fourth assignment of error is overruled.

ASSIGNMENT OF ERROR V

THE STATE IMPERMISSIBLY INTERFERED WITH CARLTON'S CRIM.R. 31(A) RIGHT TO JUROR UNANIMITY AND THE DUE PROCESS RIGHT TO REQUIRE THAT THE STATE PROVE EACH ELEMENT OF THE OFFENSE BEYOND A REASONABLE DOUBT UNDER BOTH THE "ALTERNATIVE MEANS" AND "MULITPLE ACTS" TESTS.

{¶23} Mr. Carlton's fifth assignment of error is that the trial court's jury instructions allowed the jury to find him guilty of the offenses even though they did not agree on the same set of facts. He contends that some of the jurors might have believed he was guilty because they found he was in constructive possession of the items found in the apartment while others might have believed that he was guilty because they found he had aided and abetted Mr. Tucker. He also argues that, in light of the fact that there were three separate controlled buys, the jurors might not have been in agreement regarding which buy he participated in. Because of the possibility that the jurors were not unanimous in their factual findings, he argues that his

convictions violated Criminal Rule 31(A). He acknowledges, however, that, because he did not object to the jury instructions, he is limited to arguing plain error. *State v. Feliciano*, 9th Dist. No. 09CA009595, 2010-Ohio-2809, ¶ 8. Crim.R. 52(B).

{¶24} Criminal Rule 31(A) "requires a unanimous verdict that must be in writing and signed by all jurors." *State v. Jackson*, 9th Dist. No. 11CA010012, 2012-Ohio-3524, ¶ 21. In *State v. Gardner*, 118 Ohio St.3d 420, 2008-Ohio-2787, a plurality of the Ohio Supreme Court explained that the "critical inquiry is whether the case involved 'alternative means' or 'multiple acts.'" *Id*. at ¶ 48.

> In an alternative means case, where a single offense may be committed in more than one way, there must be jury unanimity as to guilt for the single crime charged. Unanimity is not required, however, as to the means by which the crime was committed so long as substantial evidence supports each alternative means. In reviewing an alternative means case, the court must determine whether a rational trier of fact could have found each means of committing the crime proved beyond a reasonable doubt.
>
> In multiple acts cases, on the other hand, several acts are alleged and any one of them could constitute the crime charged. In these cases, the jury must be unanimous as to which act or incident constitutes the crime. To ensure jury unanimity in multiple acts cases, we require that either the State elect the particular criminal act upon which it will rely for conviction, or that the trial court instruct the jury that all of them must agree that the same underlying criminal act has been proved beyond a reasonable doubt.

*Id*. at ¶ 49-50, quoting *State v. Jones*, 96 Haw. 161, 170 (2001). The parties agree that the plurality's opinion sets out the appropriate analysis.

{¶25} Mr. Carlton argues that this case involves multiple acts because there were three separate drug buys. The State, on the other hand, argues that it only involves alternative means because the question was merely whether Mr. Carlton constructively possessed the items found in the apartment or whether he was guilty because he aided and abetted Mr. Tucker's illicit conduct.

**{¶26}** Although the State's witnesses testified about the three controlled drug buys, the indictment charged Mr. Carlton for his conduct "on or about September 27, 2011," which was the day that police raided the apartment. The charges, therefore, arose from the detectives finding guns, drugs, and drug paraphernalia in Mr. Tucker's apartment during the search, not from the controlled buys. Although the apartment did not belong to Mr. Carlton, the State argued that he was guilty of the offenses because he had constructive possession of the items at the time of the search or because he was aiding and abetting Mr. Tucker. While the State presented information about the controlled drug buys as evidence of Mr. Carlton's involvement in Mr. Tucker's operation, the question for the jury concerned the contraband found during the search. We, therefore, conclude that this case involved "alternative means," not "multiple acts." Under *Gardner*, the fact that some of the jurors might have found that Mr. Carlton was in constructive possession of the contraband while others found that he had aided and abetted Mr. Tucker did not violate Criminal Rule 31(A).

**{¶27}** Mr. Carlton has not established that the trial court plainly erred when it instructed the jury. Mr. Carlton's fifth assignment of error is overruled.

III.

**{¶28}** Mr. Carlton's assignments of error are overruled. The judgment of the Lorain County common pleas court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

WHITMORE, J.
CONCURS.

BELFANCE, P. J.
CONCURS IN JUDGMENT ONLY.

APPEARANCES:

KENNETH N. ORTNER, Attorney at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and NATASHA RUIZ GUERRIERI, Assistant Prosecuting Attorney, for Appellee.