[Cite as *State v. House*, 2023-Ohio-4833.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 30785 |
| | |
| Appellant | |
| | |
| v. | APPEAL FROM JUDGMENT |
| | ENTERED IN THE |
| TIMOTHY JAMES HOUSE | COURT OF COMMON PLEAS |
| | COUNTY OF SUMMIT, OHIO |
| Appellee | CASE No. CR 22 11 3982 |

## DECISION AND JOURNAL ENTRY

Dated: December 29, 2023

SUTTON, Presiding Judge.

{¶1} Plaintiff-Appellant, State of Ohio, appeals from the judgment of the Summit County Court of Common Pleas. For the following reasons, this Court reverses.

I.

**Relevant Background**

{¶2} Defendant-Appellee, Timothy House, was convicted of misdemeanor aggravated menacing in Barberton Municipal Court. As part of his sentence, Mr. House was ordered to serve three days in a community corrections program. However, Mr. House failed to do so and Barberton Municipal Court issued a warrant for his arrest. Subsequently, Akron police officers responded to a dispute between Mr. House and his roommate. Mr. House's roommate informed the police that Mr. House was in possession of firearms. Mr. House locked himself inside the residence and fled the scene through another door. The police remained in pursuit of Mr. House

and arrested him. After being Mirandized, Mr. House admitted to knowing about the warrant for his arrest and to owning the firearms.

{¶3} Mr. House was indicted on one count of having weapons while under disability, in violation of R.C. 2923.13(A)(1)/(B), a felony of the third degree; obstructing official business, in violation of R.C. 2921.31(A)/(B), a second degree misdemeanor; and four forfeiture specifications, as to the confiscated weapons, pursuant to R.C. 2941.1417. The count for having weapons while under disability alleged Mr. House:

> [o]n or about the 6th day of November, 2022, in the County of Summit and State of Ohio [], did commit the crime of **HAVING WEAPONS WHILE UNDER DISABILITY** in that he did knowingly acquire, have, carry, or use a firearm or dangerous ordnance and he is a fugitive from justice[.]

(Emphasis in original.)

{¶4} Mr. House pleaded not guilty and filed a motion to dismiss. In so doing, Mr. House argued he is not a fugitive from justice. Specifically, Mr. House argued he never left the State of Ohio or Summit County. The State responded indicating Mr. House is a fugitive from justice because Barberton Municipal Court had jurisdiction over Mr. House's conviction for misdemeanor aggravated menacing and issued a warrant for Mr. House's arrest when he failed to serve his sentence. Subsequently, Mr. House was arrested in Akron, outside the jurisdiction of the Barberton Municipal Court.

{¶5} In granting Mr. House's motion to dismiss, the trial court stated, in relevant part:

> Firstly, the court is a bit flummoxed and wonders how a bench warrant issued from a municipal court for a minor violation such as failing to appear for a sentence on a misdemeanor conviction can transmute a defendant's standing from "free on bond and ordered to appear" into fugitive from justice. This is especially problematic because there is no statutory definition for the term under the charging statute, and the only statutory definition available is provided in the extradition statutes, which the [S]tate argues should not apply. The underlying offense giving rise to the warrant was a misdemeanor offense, from which no disability can arise. The nature of the warrant for failure to appear to complete sentence was essentially a

contempt/bench warrant as opposed to a probation warrant as might issue in a felony case.

Secondly, it seems more than a bit counterintuitive to impose a fugitive-from-justice disability when the defendant is not aware of such disability. The defendant does not deny that he failed to [serve three days in a community corrections program]. However, in the following seven months, aware of the warrant, he appears to have carried on with his normal activities as he never left the area, let alone the state.

\* \* \*

This court is bound to follow the lead of our superior court, which has provided the only definition for fugitive from justice available, the elements of which have been denoted above and summed up as follows: "Thus, all that is necessary to convert a state criminal into a fugitive from justice is that he left the state after having incurred guilt there." As such is not the case here, [Mr. House] is in fact not a fugitive from justice on the legal question. There are no factual issues as to this topic to be resolved by a jury.

**{¶6}** The State now appeals raising one assignment of error for this Court's review.

II.

**ASSIGNMENT OF ERROR**

**THE TRIAL COURT ERRED IN DISMISSING THE INDICTMENT FOR HAVING A WEAPON WHILE UNDER DISABILITY.**

**{¶7}** In its sole assignment of error, the State argues the trial court erred in granting Mr. House's motion to dismiss. Specifically, the State argues the trial court erred when it addressed the quality and quantity of the evidence the State may present at trial to prove Mr. House was a fugitive from justice.

**{¶8}** We review a trial court's legal conclusions in ruling on a pretrial motion to dismiss criminal charges de novo. *State v. Marrero*, 9th Dist. Lorain No. 09CA009738, 2010-Ohio-3663, ¶ 5. As this Court stated in *State v. Hickman*, 9th Dist. Medina No. 20CA0049-M, 2021-Ohio-1981, ¶ 6:

Crim. R. 12(C)(2) provides that prior to trial, any party may raise by motion any defense, objection, evidentiary issue, or request that is capable of determination

without the trial of the general issue including defenses and objections based on defects in the indictment. When a defendant moves to dismiss an indictment, the threshold question is whether the trial court can determine the motion without reference to the general issue to be tried. This is because a motion to dismiss an indictment tests the legal sufficiency of the indictment, regardless of the quality or quantity of the evidence that may be introduced by either the state or the defendant. In conducting this pretrial review, courts may look to evidence beyond the face of the indictment. The Ohio Rules of Criminal Procedure, however, do not allow for summary judgment on an indictment prior to trial.

(Internal quotations and citations omitted.) *See also State v. Swazey*, Slip Opinion No. 2023-Ohio-4627. Thus, "[a]n indictment may be defective if it alleges violations of a statute by a person who is not subject to that statute and there is no set of circumstances under which such a person can violate the law's requirements." *State v. Parker*, 5th Dist. Licking No. 23CA00009, 2023-Ohio-2127, ¶ 19.

**{¶9}** Pursuant to R.C. 2923.13(A)(1):

Unless relieved from disability under operation of law or legal process, no person shall knowingly acquire, have, carry, or use any firearm or dangerous ordnance, if any of the following apply:

The person is a fugitive from justice.

Here, in dismissing the indictment for having weapons while under disability, the trial court improperly considered the quality and quantity of the State's evidence as to whether Mr. House is, in fact, a fugitive from justice. This type of sufficiency analysis, however, is not appropriate for a Crim.R. 12(C)(2) motion. Instead, once the State puts on its evidence at the trial of the general issue, the trial court can properly determine whether the State introduced sufficient evidence to support a conviction pursuant to Crim.R. 29. Therefore, the trial court erred in dismissing the indictment, at this stage in the process, for having weapons while under disability.

**{¶10}** Accordingly, the State's assignment of error is sustained.

III.

{¶11}  The State's sole assignment of error is sustained.  The judgment of the Summit County Court of Common Pleas is reversed, and the matter is remanded for proceedings consistent with this decision.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

_____
BETTY SUTTON
FOR THE COURT

HENSAL, J.
FLAGG LANZINGER, J.
CONCUR.

APPEARANCES:

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN R. DIMARTINO, Assistant Prosecuting Attorney, for Appellant.

NOAH C. MUNYER, Attorney at Law, for Appellee.