[Cite as *State v. Fligiel*, 2025-Ohio-5694.]

STATE OF OHIO      )      IN THE COURT OF APPEALS
     )ss:      NINTH JUDICIAL DISTRICT
COUNTY OF MEDINA      )

STATE OF OHIO      C.A. No.      2025CA0023-M

     Appellee

     v.      APPEAL FROM JUDGMENT
     ENTERED IN THE
MICHAEL G. FLIGIEL      COURT OF COMMON PLEAS
     COUNTY OF MEDINA, OHIO
     Appellant      CASE No.      2024CR0669

DECISION AND JOURNAL ENTRY

Dated: December 22, 2025

HENSAL, Judge.

**{¶1}** Michael Fligiel appeals his conviction in the Medina County Court of Common Pleas. This Court affirms.

I.

**{¶2}** On September 27, 2024, two Hinckley Township Police Officers responded to a call regarding a domestic disturbance. They were advised that one person involved had access to a firearm and had a history of mental illness. When the officers arrived, they spoke with Mr. Fligiel and with his father, who had called 911. The officers learned that Mr. Fligiel had been staying with his parents and that his parents wanted him to leave. Once the situation had calmed down, Mr. Fligiel's parents took one of the officers to Mr. Fligiel's bedroom, where the officer found a rifle and two boxes of ammunition.

**{¶3}** Mr. Fligiel was charged with having a weapon while under disability in violation of Revised Code Section 2923.13(A)(5). The indictment read:

Michael G. Fligiel, on or about the 27th day of September, 2024, at the county of Medina aforesaid, did knowingly acquire, have, carry, or use a firearm or dangerous ordnance when he was under adjudication of mental incompetence, had been committed to a mental institution, had been found by a court to be a person with a mental illness subject to court order, or was an involuntary patient other than one who was a patient only for purposes of observation in violation of Ohio Revised Code §2923.13(A)(5)(B), Having Weapons While Under Disability, a felony of the third degree.

Mr. Fligiel moved to dismiss the indictment. He argued, in part, that the indictment did not incorporate the language of the statute because it was stated in the past tense. Specifically, he argued that the language of the statute required him to be committed to a mental institution at the time of the offense. The trial court denied the motion to dismiss, concluding Mr. Fligiel's argument was more appropriate for a motion to dismiss under Criminal Rule 29.

{¶4} Mr. Fligiel waived his right to a jury trial, and the trial court found him guilty of having a weapon while under disability. The trial court sentenced Mr. Fligiel to five years of community control and ordered forfeiture of the firearm. Mr. Fligiel appealed, assigning two errors for this Court's review.

II.

**ASSIGNMENT OF ERROR I**

THE TRIAL COURT ERRED WHEN IT FAILED TO DISMISS THE INDICTMENT AS IT WAS DEFECTIVE.

{¶5} Mr. Fligiel's first assignment of error argues that the trial court erred by denying his motion to dismiss the indictment. This Court does not agree.

{¶6} "Prior to trial, any party may raise by motion any defense, objection, evidentiary issue, or request that is capable of determination without the trial of the general issue" including "[d]efenses and objections based on defects in the indictment . . . ." Crim.R. 12(C)(2). Consequently, objections to defects in an indictment must be raised before trial. *State v. Horner*,

2010-Ohio-3830, ¶ 46. Because a motion to dismiss tests the legal sufficiency of an indictment, "the threshold question is whether the trial court can determine the motion without reference to the general issue to be tried." *State v. Hitsman*, 2018-Ohio-5315, ¶ 15 (9th Dist.). This Court reviews a trial court's legal conclusions in ruling on a motion under Criminal Rule 12(C)(2) de novo. *State v. House*, 2023-Ohio-4833, ¶ 8 (9th Dist.).

{¶7} Under Criminal Rule 7(B), an indictment must "contain a statement that the defendant has committed a public offense specified in the indictment." That statement "may be in the words of the applicable section of the statute, provided the words of that statute charge an offense, or in words sufficient to give the defendant notice of all the elements of the offense with which the defendant is charged." *Id*. Mr. Fligiel was charged with a violation of Revised Code Section 2923.13(A)(5), which provides:

> Unless relieved from disability under operation of law or legal process, no person shall knowingly acquire, have, carry, or use any firearm or dangerous ordnance, if . . . [t]he person is under adjudication of mental incompetence, *has been committed to a mental institution*, has been found by a court to be a person with a mental illness subject to court order, or is an involuntary patient other than one who is a patient only for purposes of observation.

(Emphasis added.) His indictment read:

> Michael G. Fligiel, on or about the 27th day of September, 2024, at the county of Medina aforesaid, did knowingly acquire, have, carry, or use a firearm or dangerous ordnance when he was under adjudication of mental incompetence, *had been committed to a mental institution*, had been found by a court to be a person with a mental illness subject to court order, or was an involuntary patient other than one who was a patient only for purposes of observation in violation of Ohio Revised Code §2923.13(A)(5)(B), Having Weapons While Under Disability, a felony of the third degree.

(Emphasis added.)

{¶8} Mr. Fligiel maintains that the indictment was insufficient, however, because the statute uses the phrase "has been committed to a mental institution," while the indictment used the

phrase "had been committed to a mental institution."  According to Mr. Fligiel, the statute requires a past commitment to a mental institution that continues into the present, while the language used in the indictment requires only commitment to a mental institution at some time in the past.  This argument reflects a misinterpretation of the statute.  This language in Section 2923.13(A)(5) is identical to its federal counterpart, 18 U.S.C. 922(g)(4), and to the federal regulations that implement it.  *State v. Cunningham*, 2025-Ohio-1068, ¶ 27 (10th Dist.).  The United States Supreme Court has explained that the language used in 18 U.S.C. 922(g)(4) imposes a continuing disability upon those who have been committed to a mental institution in the past:

> The imposition, by §§ 922(g)(4) and (h)(4), of continuing disability on a person who "has been" adjudicated a mental defective or committed to a mental institution is particularly instructive. A person adjudicated as a mental defective may later be adjudged competent, and a person committed to a mental institution later may be deemed cured and released. Yet Congress made no exception for subsequent curative events. The past adjudication or commitment disqualifies. Congress obviously felt that such a person, though unfortunate, was too much of a risk to be allowed firearms privileges.

*Dickerson v. New Banner Institute, Inc.*, 460 U.S. 103, 116 (1983), *superseded by statute on other grounds*, 18 U.S.C. 921(a)(20), as noted in *United States v. Pennon*, 816 F.2d 527, 529 (10th Cir. 1987).

**{¶9}**     The distinction between the language of Section 2923.13(A)(5) and the indictment in this case is a simple one: the language of the statute states a future prohibition on conduct, while the indictment states Mr. Fligiel's past conduct that formed the basis for the charge.  The indictment put Mr. Fligiel on notice of all the elements of the offense with which he was charged under Rule 7(B).  Accordingly, the trial court did not err by denying Mr. Fligiel's motion to dismiss the indictment.  Mr. Fligiel's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

THE DEFENDANT'S CONVICTIONS WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶10}  Mr. Fligiel's second assignment of error argues that his conviction was against the manifest weight of the evidence because the evidence at trial did not establish that he  knowingly acquired, had, carried, or used any firearm. This Court does not agree.

{¶11}  When considering whether a conviction is against the manifest weight of the evidence, this Court must:

> review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.

*State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist. 1986).  A reversal on this basis is reserved for the exceptional case in which the evidence weighs heavily against the conviction.  *Id.*, citing *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist. 1983).

{¶12}  A person must have actual or constructive possession of a firearm in order to "have" it for purposes of Section 2923.13(A).  *See State v. Cross*, 2019-Ohio-3133, ¶ 7 (9th Dist.).  *See also State v. Gordon*, 2025-Ohio-1667, ¶ 25 (5th Dist.).  "Constructive possession has been defined as 'knowingly [exercising] dominion and control over an object, even though that object may not be within his immediate physical possession.'"  *State v. Tucker*, 2016-Ohio-1353, at ¶ 21 (9th Dist.), quoting *State v. Blue*, 2011-Ohio-511, ¶ 17 (9th Dist.).  "Inherent in the notions of dominion and control is some authority over the object, not merely the ability to have access to it."  *State v. Jackson*, 2018-Ohio-1285, ¶ 38 (9th Dist.), quoting *State v. Carlton*, 2013-Ohio-2788, ¶ 11 (9th Dist.).  Constructive possession may be established by circumstantial evidence, and ownership does not need to be proved.  *Id.*

{¶13} Mr. Fligiel's father testified that Mr. Fligiel owned a firearm that he purchased when he was younger and that the firearm was located in Mr. Fligiel's bedroom. One of the officers who responded to the 911 call testified that he found a rifle in the corner of Mr. Fligiel's bedroom and two boxes of ammunition nearby. According to the officer, Mr. Fligiel acknowledged that the rifle belonged to him. Although Mr. Fligiel's parents testified that he did not brandish the weapon on the night of the incident, constructive possession can be established without demonstrating that a defendant had a weapon in his immediate physical possession. The crucial issue, therefore, "is not whether the accused had actual physical contact with the article concerned, but whether the accused was capable of exercising dominion [and] control over it." *State v. Rowe*, 2016-Ohio-5395, ¶ 9 (9th Dist.), quoting *State v. Ibrahim*, 2013-Ohio-983, ¶ 8 (9th Dist.). Mr. Fligiel acknowledged that the rifle was his, and it was found in his bedroom. Mr. Fligiel's acknowledgement that he owned the gun was corroborated by his father. This evidence demonstrated that although the firearm was not in Mr. Fligiel's physical possession when it was found, he had the ability to access it and to exercise authority over it. *See Jackson* at ¶ 38. Under these circumstances, this Court cannot conclude that this is the exceptional case in which the evidence weighs heavily against the conviction. *See Otten*, 33 Ohio App.3d at 340. Mr. Fligiel's second assignment of error is overruled.

III.

{¶14} Mr. Fligiel's assignments of error are overruled. The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

STEVENSON, P. J.
CARR, J.
CONCUR.

APPEARANCES:

MICHAEL J. GOEBL, Attorney at Law, for Appellant.

S. FORREST THOMPSON, Prosecuting Attorney, and STEFANIE H. ZARANEC, Assistant Prosecuting Attorney, for Appellee.